Adopted December 16, 1890.

---

### W. W. GLASSGOW v. A. P. McKINNON.

#### No. 6694.

1. **In a Guardianship the Court Can Not Order Sale of Land for Partition.**—The Probate Court in proceedings under our laws of guardianship had no power to order a sale of land owned jointly by the estate and another for the purpose of partition. This power of partition between the estate and another joint owner by the Probate Court is given in cases of administration of estates of deceased persons, but not in estates of minors. Rev. Stats., arts. 2132, 2570, 2571, 2572, 2649.

2. **Confirmation of Illegal Sale.**—Such sale being without authority of law a confirmation of it by the Probate Court will not give it validity.

3. **Power of Guardian—Attorney Fees.**—It seems that a guardian does not have the power to make a contract with an attorney for legal services in the recovery of land to share the recovery with such attorney.

APPEAL from Hill. Tried below before Hon. J. M. Hall.

The opinion gives a sufficient statement of the case.

*W. L. Booth* and *B. D. Tarlton*, for appellant.—The court erred in overruling the objections of defendant to the introduction in evidence of the application for the sale of land, to the order confirming the sale of land, and the deed from Thagard, guardian, etc., to A. P. McKinnon to the land in controversy. The recitals in said instrument show that sale was applied for neither for the purpose of providing for the education and maintenance of the wards nor for the purpose of paying the debts against the estate of the minors. The decree of confirmation made in October, 1886, after the institution of this suit in February, 1886, varies in its recitals from the application to sell and from the report of sale introduced by plaintiff in reference to the purpose of the sale. The sale confirmed was for a purpose, viz., a sale in consideration of legal services, different from that for which the sale was ordered and applied for, viz., a sale for partition. It appearing affirmatively from the recitals in the instruments referred to that the court had no jurisdiction to order or confirm the sale under the circumstances therein detailed, the said instruments should

have been excluded on objection.   Rev. Stats., arts. 2572, 2590, 2595, 2596;
Ball v. Collins, 66 Texas, 467.

*McKinnon & Carlton,* for appellee.—A guardian is authorized to employ
an attorney in the interest of his ward's estate; and the certified copies
of the proceedings from the Probate Court of McLennan County, together
with the deed to A. P. McKinnon from the guardian, was sufficient in law
to vest the title.   Rev. Stats., art. 2526.

COLLARD, JUDGE.—Appellant's first assignment of error is:   "The
court erred in overruling the objections of defendant to the introduction
in evidence of the application for the sale of land, to the order confirm-
ing the sale of land, and the deed from Thagard, guardian, etc., to A. P.
McKinnon to the land in controversy.   The recitals in said instruments
show that sale was applied for neither for the purpose of providing for the
education and maintenance of the wards nor for the purpose of paying the
debts against the estate of the minors.   The decree of confirmation made
in October, 1886, after the institution of this suit in February, 1886, varies
in its recitals from the application to sell and from the report of sale intro-
duced by plaintiff in reference to the purpose of the sale.   The sale con-
firmed was for a purpose, viz., a sale in consideration of legal services, dif-
ferent from that for which the sale was ordered and applied for, viz., a
sale for partition."

The Probate Court in a matter of guardianship, and proceeding under
our law of guardianship, had no power to order a sale of land owned
jointly by the estate and another for purposes of partition.   This power
of partition between the estate and another joint owner by the Probate
Court is given in cases of administration of estates of deceased persons,
but not in estates of minors.   Rev. Stats., art. 2132, 2570, 2571, 2572,
2649.

The application to sell the land sets up that under the sanction of the
court the guardian made a contract with McKinnon & Call to recover
land on the Wallace league and to allow them one-half of the land recov-
ered for their services; that the attorneys did recover the 160 acres of land
sought to be sold, and that it was not susceptible of fair partition.   The
prayer was for an order to sell the whole tract of 160 acres "for parti-
tion."   This application was filed in the Probate Court December 23, 1882,
and on January 22, 1883, an order was granted to sell the land at public
or private sale, as the guardian might deem best, to make title, and report.
This order was evidently made upon the application filed.   There is no
ground for the presumption that some other legal cause for the sale was
made known to the court, or that the sale was ordered upon such ground.
Had the order stood alone without any petition, presumptions might arise
to sustain the jurisdiction of the court, but such presumptions can not be

indulged against proof which affirmatively appears in the record, not impeached by the order itself. Withers v. Patterson, 27 Texas, 494.

The confirmation of the sale made in 1886 did not cure the vice in the order. The order was a nullity, and the confirmation could not legalize it. But it may be said that the decree confirming the sale shows that it was made to pay a debt—that is, for legal services rendered the estate by McKinnon & Call. The decree recites " that said sale was made to said A. P. McKinnon at the request of McKinnon & Call, by virtue of an order of this court entered January 22, 1883, in consideration of the legal services of said McKinnon & Call in recovering 160 acres of land out of said Wallace survey for said Davis minors, as agreed by guardian and ratified by this court," etc. The decree refers to the order we have been discussing, and it could not legalize it by the recital that the order was made to sell to pay debts, if it does so, which can not be conceded. The *"order* was made in consideration of legal services" the decree states; not to pay the same, but for purposes of partition, as shown in the original application. The decree of confirmation does not rest upon a legal order to sell, which must precede the sale. Ball v. Collins, 66 Texas, 467.

The order of the court and the deed did not show a legal sale under the law of the 80 acres of land. But it may be contended that the evidence shows that plaintiff had a good title to the land without such orders.

The petition to the County Court to sell the land sets up that the Davis minors were entitled to about 200 acres of land out of the Jonathan Wallace league in Hill County; that to reduce the same to possession would require litigation and the services of an attorney; that the estate of the wards would not warrant the payment of fees in money for recovery of the land, and that, acting for the best interests of the estate, he, the guardian, had employed McKinnon & Call to attend to the litigation, and as a consideration for their services he made a contract with them on August 29, 1882, to convey to them, with the sanction of the court, the one-half of all lands that should be recovered for the estate of the minors.

It was further alleged that pursuant to the employment the attorneys had recovered the 160 acres, a part of the Wallace league, including the 80 acres in controversy. The order to sell for partition was granted, the 80 acres were sold to McKinnon, and a deed was made by the guardian to the purchaser September 15, 1883, which contains the following recitals: "That the guardian of the estate of the minors entered into a contract with McKinnon & Call," as stated in the foregoing petition; "that the contract was by the County Court of McLennan County, Texas, approved at the January Term, 1883, and the 160 acres of the Jonathan Wallace league which had been recovered by McKinnon & Call under said contract were ordered sold for partition," etc. The deed then proceeds to convey the 80 acres involved in this suit to McKinnon as the share of McKinnon & Call. In the order of the court in 1886 confirming the sale

are the following recitals: "That said sale was made to said A. P. Mc-Kinnon at request of McKinnon & Call by virtue of an order of the court entered January 22, 1883, in consideration of the legal services of said McKinnon & Call in recovering 160 acres of land out of the Wallace survey for said Davis minors, as agreed by said guardian and ratified by this court," etc. The decree then proceeds to confirm the sale of the 80 acres.

We do not think that the guardian under the circumstances set out could legally make the contract, even with the sanction of the court having control of the estate. The statute makes it the duty of the guardian "to take care of and manage the ward's estate as a prudent man would manage his own property." Rev. Stats., art. 2544. He is required "to collect debts, rents, or claims due the ward; to enforce all obligations in his favor; to bring and defend suits by or against him;" but in the management of the estate he must be governed by the law as provided by statute. Rev. Stats., art. 2542. No power is here given to authorize a sale of land of the estate out of the usual course and for the purposes prescribed by the statute, and we find no warrant for the exercise of such power by any decision of our courts.

It was decided at the present term of the Supreme Court that a guardian had the power to make a locative contract with regard to a certificate, and that he could bind the estate for a locative interest in the land when patented; but the circumstances and the subject matter of the contract in that case were very different from the one at bar. The employment in that case was urgent, as the certificate was about to go out of date. The contract was to *acquire* land, not to sell it—to acquire land in partnership; and the subject matter of the contract at the time was personalty. Wren v. Harris, 78 Texas, 349.

The contract in the case before us is to convey a part of a tract of land already owned by the estate; in short, to convey land property of the estate. This cannot be done except under the circumstances permitted by statute.

Plaintiff had no title to the land in any view of the case and could not maintain his suit. Such title as the estate had it still has, so far as plaintiff is concerned. We conclude that the judgment should be reversed and here rendered for the defendant, Glassgow, against plaintiff, McKinnon, to-wit, that plaintiff be denied the relief prayed for herein, and that defendant go hence.

*Reversed and rendered.*