MRS. AMANDA M. ELLIS, EXECUTRIX, v. MRS. LUCY M. MABRY.

Decided January 30, 1901.

**1.—Trial—Absence of Counsel.**

It was not error to try a case upon its appearance day and in the absence of counsel for defendant, it being reached in its order on the call of the appearance docket for trial and the continuance or postponement of the cases preceding it.

**2.—Same—Amendment—New Cause of Action.**

An action for money collected by defendant upon an insurance policy in which plaintiff had an interest was not founded on the policy, and an amendment correcting its description did not set up a new cause of action nor require a new citation to authorize judgment against a defendant who had answered the original petition, upon trial had in his absence.

**3.—Independent Executor—Execution—Pleading.**

An averment that defendant had qualified and was acting under a will making her an independent executrix, in the absence of exception, authorized proof that she was acting as executrix, under article 1995, Revised Statutes, without control of the probate court, and was sufficient to support a judgment awarding execution against her as such, instead of certifying the judgment to the probate court for classification and payment.

**4.—Damages for Delay.**

See case held not to authorize the assessment against appellant of damages for delay.

Appeal from Travis. Tried below before Hon. R. E. Brooks.

*E. A. Williams,* for appellant. The following propositions were urged in addition to those discussed in the opinion:

The petition does not allege that Mrs. Ellis as executrix converted any portion of the money claimed by appellee; nor that any portion of said money was converted to the use of said estate of L. A. Ellis, deceased.

The amended petition charged that Mrs. Ellis converted the proceeds of the draft to her own use and does not allege that conversion was to the use of the estate of L. A. Ellis, deceased, by reason of which no cause of action arises against the said estate.

*Hogg & Robertson,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee, Mrs. Lucy M. Mabry sued appellant, Mrs. Amanda M. Ellis, individually and as executrix of the estate of L. A. Ellis, deceased. A judgment was rendered for the plaintiff for $959.55, and the defendant has appealed.

There is no statement of facts in the record. The defendant filed a general denial on May 2, 1900, and the case was tried in her absence and the absence of her counsel on May 8, 1900, the same being appearance day of that term of the court. The record shows that after the call of the appearance docket for defaults the docket was again called regularly for trials, and when this case was reached, it was postponed until 2 o'clock p. m. of the same day, to await the arrival of appellant's counsel. Appellant's counsel did not appear, and at 2 o'clock the case was taken up and tried in his absence.

It was also shown that there were a number of cases preceding this case on the docket of the District Court, which had not been tried at the time this case was taken up and tried. The bill of exception states that all these cases had been called and continued or postponed, but that the orders to that effect had not been entered on the docket in a number of said cases at the time this case was tried and at the time appellant's motion for a new trial was heard. It is distinctly stated, however, in the bill that the cases preceding this had been called, and either continued, set, or passed by the court to be again called, and that this case was regularly reached and called for trial in its order and proper place, when it was tried and disposed of. The motion for new trial was filed May 10, 1900.

Under the facts above recited, there is no merit in the contention that the case was prematurely tried. It was regularly reached on the call of the trial docket, and though it was appearance day and appellant had filed an answer, appellee had the right to demand a trial, and the court committed no error in trying and disposing of the case at the time stated.

The suit was brought to recover a sum of money collected by appellant upon a life insurance policy payable to appellee upon the death of her husband, W. H. Mabry. The petition alleged that W. H. Mabry, being indebted to L. A. Ellis, deposited with him the insurance policy to secure such indebtedness, and the appellant having collected the amount due on the policy, had retained more than enough to pay the indebtedness of W. H. Mabry, and had appropriated such excess.

The plaintiff's original petition described the insurance policy as having been issued by the Equitable Assurance Society of New York. On May 7, 1900, after appellant had filed her answer, appellee filed an amended original petition, in which the policy is described as issued by the Equitable Life Assurance Society of the United States. Appellant was not cited to answer the amended petition; and it is contended that no judgment should have been rendered thereon, because it sets up a new cause of action. We can not sustain this contention. The gist of the plaintiff's action was money alleged to have been collected and wrongfully appropriated by the defendant. The suit was not founded upon the insurance policy, and the correction by the amended petition of the description of the policy did not set up a new cause of action.

It is further contended that error was committed by the trial court

in directing execution to issue against appellant as executrix of the estate of L. A. Ellis; the contention being that the judgment should have been certified to the probate court for payment in due order of administration of the estate. Appellee's petition discloses the fact that L. A. Ellis left a will, and avers that by the terms thereof appellant was made the independent executrix of said will; that the latter had been duly probated, and appellant had qualified as executrix of the estate and was still acting as such.

It is provided by statute that when a will has been probated, its provisions and directions shall be executed, unless the same are annulled or suspended by order of the court probating the same in a proceeding instituted for that purpose by some person interested in the estate. Art. 1991. And it is further provided that "any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will and the return of an inventory, appraisement, and list of claims of his estate." Art. 1995.

Though not so designated by statute, an executor acting under such a will as is referred to in article 1995 is in legal phraseology termed an "independent executor." Dwyer v. Kalteyer, 68 Texas, 554; Roberts v. Connellee, 71 Texas, 14. At any rate, whatever designation may be given to such executor, it is well settled that when he has been so appointed, and the requirements of article 1995 complied with, the probate court has no further jurisdiction over the estate, so long as he continues to discharge the trust. Holmes v. Johns, 56 Texas, 41; Bennett v. Kiber, 76 Texas, 385. It is true, the petition in this case does not allege that appellant qualified as independent executrix, but it does allege that she qualified as executrix of the estate, and that by the terms of the will she was appointed independent executrix. The petition may have been subject to a special exception because it did not show whether appellant had qualified as a regular or independent executrix of the estate; but the general averment not excepted to, that she was the qualified and acting executrix of the estate, authorized proof of the fact that the estate was being administered under article 1995, and independent of the probate court; and upon proof of such fact it was proper to award execution against appellant as executrix of the estate, and it would not have been proper to certify the judgment to the probate court. In the absence of a statement of facts it must be presumed that the proof showed that appellant had qualified and was acting as the independent executrix of the estate.

Some other points are made in appellant's brief, which have been duly considered, but it is not believed that reversible error is shown. It is not believed, however, that this is such a case as to authorize compliance with appellee's request for 10 per cent damages for delay.

No reversible error having been pointed out, the judgment will be affirmed.

*Affirmed.*