## W. K. GREER v. T. J. FORD ET AL.
## W. K. GREER v. J. D. MORRISON ET AL.

Decided February 5, 1903.

**1.—Guardian and Ward—Bond of Guardian—Amount.**

Where a guardian's bond is made in double the amount of the value of the ward's estate as shown by the inventory and estimate of the court, it is sufficient, although it is not in double the amount of the estimated value of such estate as set out in the application for letters of guardianship, since such latter estimate is not binding on the court. Rev. Stats., art. 2600.

**2.—Same—Oath—Sale of Lands.**

A sale of land made by a guardian under order of the court can not be avoided on the ground that the oath of the guardian describes him as "guardian," without also reciting "of the person and estate," where the application, the appointment and the bond of the guardian all show that he is guardian of the person and estate of the ward, and the oath is on the same paper with the bond, and is otherwise sufficient.

**3.—Same—Irregularities in Sale.**

Where an order for a guardian's sale of lands of the ward did not mention the time and place of the sale, as required by law for a public sale, but was treated by both the guardian and the court as an order for a private sale, such irregularity did not render the sale void and subject to collateral attack.

**4.—Same—Confirmation.**

The making of the order of confirmation of a guardian's sale before the expiration of the five days which the statute provides shall intervene between the filing of the report of sale and action thereon, is an irregularity such as does not render the sale void.

**5.—Same—Partition of Lands—Probate Court.**

Although the probate court is without jurisdiction to partition lands belonging to the estate of minors, yet where, on the application of a guardian, it made a partition of such lands between the ward and others by which a tract of land was set aside to the ward more than equal in value to his interest in the entire property, and thereafter ordered the land sold, and confirmed the sale by the guardian, the ward's estate receiving the proceeds from the sale, which was double the value of his interest in the entire property, neither the partition nor the sale could be set aside by the ward in an action against innocent purchasers for value, the partition appearing to have been made in good faith, and to have been acquiesced in for more than 20 years.

Appeal from the District Court of Hunt. Tried below before Hon. H. C. Connor.

*J. G. Matthews*, for appellant.

*Bennett & Jones, Looney & Clark, Montrose & Starnes*, and *William Pierson*, for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—W. K. Greer, as plaintiff, instituted suit against Thos. J. Greer, P. R. Henson and J. D. Morrison in the County Court of Hunt County in which plaintiff sought, by bill of review, to have the court review, vacate, set aside and annul certain orders of the probate court of Hunt County, Texas, in the matter of the estate of W. K. Greer, a minor, number 301, pertaining to the estate

of this plaintiff, and also to set aside the guardian's sale of his interest in 50 acres of land in controversy. The County Court having given judgment against plaintiff he appealed to the District Court. At the same term of the District Court he filed his suit in trespass to try title for the 50 acres of land to which the probate orders related, and also for the 320-acre tract described in the petition said suit being against D. J. Ford, J. L. Buie and wife, M. A. Buie, J. D. Morrison, Albert Treadway and J. W. Taylor. The said causes, upon motion of plaintiff, were consolidated, and the plaintiff, by amended petition filed in said cause April 3, 1902, reiterated his allegations as made in his bill of review, in which he sought to annul the orders of the probate court in so far as they applied to the 50 acres, and claimed that he was the owner and entitled to the possession of one-tenth portion of both tracts of land, claiming title thereto by inheritance from his deceased mother and sister.

The two tracts of land were the community property of Ben Jones and the mother of appellant. Jones died, leaving surviving him his said wife and their four children, to wit: M. A., C. D., Effie, and Flora Jones, who were all minors. The surviving wife married T. J. Greer, and appellant is the only child of that marriage. When appellant was only a few months old his mother died. His father, T. J. Greer, was appointed and qualified as guardian of both his person and estate, and one E. J. Head qualified as guardian of the Jones children. On application of the guardian and father of appellant, and by order of court, the two tracts of land were partitioned between the appellant and the Jones children, and in said partition the 50-acre tract was set apart to appellant. Appellant was only entitled to a one-tenth interest in the estate of his mother, but the 50 acres of land was worth about one-fifth of the entire estate. On the 2d day of April, 1880, T. J. Greer, as guardian of appellant, made application to the court for an order to sell this 50 acres of land for the support and maintenance of appellant, and on the same day he filed a report showing the condition of the estate. Notice of said application was duly given, and on the 25th day of July, 1880, an order of sale was granted. On the 27th day of July, 1880, the said guardian reported that he had sold the said land to appellee P. R. Henson for $300, and on the same day this report was duly confirmed by the court after proof was made that the land was sold for a fair price. In pursuance of this order said guardian deeded said land to P. R. Henson by deed recorded August 17, 1880. On the 4th day of May, 1881,— nearly a year after said sale,—appellant's guardian filed an annual report in which he accounted for the money received from Henson for said land. This report was duly approved and recorded as required by law. In September, 1881, the appellee Henson sold the said land and the same was thereafter, for valuable considerations, transferred eight times, when, on the 26th day of June, 1894, the same was purchased by appellee J. D. Morrison from the owner thereof for a consideration of $1700. On the 9th day of February, 1901, before appellant

entered suit or filed his bill of review in the County Court, said Morrison deeded the land to defendant Albert Treadway for the sum of $1800. Both Morrison and Treadway purchased and paid for the land in good faith, and had no actual notice of any of the irregularities in the probate proceedings set up in appellant's petition. The defendants in the court below answered by separate answers, setting up by metes and bounds the lands claimed by each respectively and disclaiming as to the balance, and pleading a general denial and not guilty as to the land claimed by them.

A trial before the court resulted in a judgment for the plaintiff for 5½ acres of land inherited from his deceased sister against Ford, Taylor and Buie out of the 320-acre tract. Judgment was rendered in favor of Morrison, Treadway, Henson and Greer as to the 50-acre tract. From this judgment plaintiff prosecuted an appeal to this court.

*Opinion.*—It is insisted that the amount of the guardian's bond is not double the amount of the estimated value of the estate of the ward, and that for this reason the order of sale of the 50 acres of land was erroneous, and that upon the ward arriving at the age of 21 years he can have the orders reviewed and annulled upon offering to refund the amount received by the guardian from the sale of the land. In his application for letters of guardianship of the person and estate of the minor W. K. Greer, T. J. Greer stated that the minor had an estate of the estimated value of $500. The amount of the bond was fixed by the court at $600. The inventory shows that the estate was valued at $142. The bond in the sum of $600 was approved two days after the filing of the inventory. The estimated value of the estate set out in the application for letters of guardianship was not binding on the court, but the court could estimate its value, and where the bond is made in double the value of such estimate and the amount of the inventory it fully meets the requirements of the statute. Revised Statutes, article 2600; Williams v. Verne, 68 Texas, 414.

Again, it is contended that, in order to qualify as guardian of the estate of a minor, it is necessary that the person qualifying shall take an oath to faithfully discharge the duties of guardian of the estate of the ward according to law, which oath shall be indorsed on the bond of such guardian. The application for guardianship was for both the person and the estate of the minor. The appointment was for both the person and the estate, and the bond so recited. The oath is indorsed on the bond, and is on the same paper and recites, "I do solemnly swear that I will faithfully perform and discharge all the duties as prescribed by law, as guardian of William K. Greer, a minor. (Signed) Thomas J. Greer," and is duly sworn to. Where the application, the appointment and the bond of the guardian all show that he is guardian of the person and estate of the ward, and the oath is on the same paper with the bond, and is otherwise sufficient, a sale of land made by the guardian under order of the court can not be avoided on the ground that the oath

describes him as guardian, and omits to say "of the person and estate." Poor v. Boyce, 12 Texas, 440; Martin v. Robinson, 67 Texas, 368.

Complaint is made of the order of sale in that it authorizes the guardian to sell the 50 acres of land for cash or on credit, but does not show whether the land shall be sold at public auction or private sale. No time and place is mentioned in the order as required by law for a public sale. The order was treated by both the guardian and the court as an order for a private sale. By virtue of the order the guardian sold the land at private sale, and reported his action to the court, and the sale was confirmed. The order was irregular, but it is not void, and can not be collaterally impeached. Both of appellees Treadway and Morrison were innocent purchasers for value, and as to Treadway this is a collateral attack upon the order. It is, however, contended that as the order of confirmation was entered before the expiration of five days— the time allowed by statute between the filing of the report of sale and action thereon—the order of confirmation was erroneous, and is subject to attack in this proceeding. The order of sale was for 50 acres of land, and was made July 26, 1880. The land was sold to P. R. Henson, and the report of sale filed July 27, 1880, and on that day the sale was confirmed by the court. The statute does not prohibit the confirmation of sale before the expiration of five days after filing report of sale, but makes it the duty of the court at the expiration of that time to inquire into the matter of the sale and act thereon. An order made before the expiration of five days is a mere irregularity which would not affect the title of appellees Morrison and Treadway in this proceeding. Taffender v. Merrill, 95 Texas, 95, 65 S. W. Rep., 177. Again, the sale of the land was shown by the annual report filed by the guardian the following year, and the proceeds thereof accounted for, which report was duly approved by the court. Robertson v. Johnson, 57 Texas, 62.

The contention is made that the probate court has no jurisdiction or power to partition land in a suit brought by the guardian of one ward against the guardian of another, and that the orders based on such a suit are void. T. J. Greer, as guardian of his son W. K. Greer, brought suit against E. J. Head, guardian of the estate of M. A., C. D., Effie and Flora Jones, by petition filed in the County Court of Hunt County on November 22, 1879, for the partition of the two tracts of land in controversy. He set up that his ward was the owner of and entitled to one-tenth of the said lands, and that E. J. Head's wards owned the balance. Head accepted service, and judgment for the partition of the lands was duly entered. Commissioners were appointed, and their report partitioning the land was confirmed. The 50-acre tract was set apart to plaintiff, and the 320-acre tract was set apart to the wards of E. J. Head. The appellee Ford claims title to 150 acres of the 320-acre tract and the remainder thereof is claimed by and in the possession of J. L. Buie and wife. Title to the 50-acre tract is now in appellee Treadway, and, as indicated in the above remarks, Treadway's title is not affected by any irregularity in the partition of the lands between

the guardians. It must be conceded that, as a proposition of law, the probate court is without jurisdiction to partition lands in the administration of the estates of minors. League v. Henecke, 26 S. W. Rep., 629; Glascoe v. McKinnon, 79 Texas, 116. The probate court is authorized, on a final settlement of the guardianship, to deliver the estate remaining in the hands of the guardian to the ward, or other person legally authorized to receive the same. Sayles' Civ. Stats., art. 2770. The said two tracts of land—50-acre tract and 320-acre tract—composed the community estate of Ben Jones and his wife Kittie Jones, both of whom were deceased, and the entire estate by inheritance vested in the said minors. T. J. Greer testified that he qualified as guardian of the appellant, and that E. J. Head qualified as guardian of the Jones children. He further testified as follows: "We had a partition, and I got the 50 acres of the Mary Morris headright, as guardian for my child, and E. J. Head got the 320 acres of the Hase headright, as guardian for the Jones children, as shown by the county records. I considered that my boy, the plaintiff, got fully one-fifth of the value of the estate. He was entitled to only one-tenth. I thought I got the best end of the bargain for him. I sold the 50 acres that were set apart to W. K. Greer under orders of the County Court, as appears of record. I sold the land to P. R. Henson. I did this for the purpose of getting money to pay off the debts against the Jones estate." It thus appears that there was a partition of the lands, and that, while appellant was only entitled to one-tenth interest in said lands, by the partition between his father as guardian and E. J. Head as guardian for the Jones children, he received a one-fifth interest in said lands. The parties acted in good faith in making the partition, and the same has been acquiesced in for more than twenty-two years. The trial court found, as shown by the judgment, that the price paid appellant's guardian for the 50 acres of land was its full value, "and more than the entire interest of the minor W. K. Greer in his mother's and Ben Jones' estate was really worth." The County Court had jurisdiction of the entire estate of the minor W. K. Greer, and could have ordered his one-tenth interest in the two tracts of land sold. This is, in effect, what was done by the partition of the lands, setting aside the 50-acre tract to the plaintiff, and the 320-acre tract to the Jones children. Having thus segregated the interest of the plaintiff in the two tracts of land, the court, on the application of plaintiff's guardian, ordered the 50 acres sold as his property. The sale was made and the ward's estate received the entire proceeds of the same—about double the value of his interest in the two tracts of land. The result was more favorable to plaintiff than a sale of his undivided interest in the two tracts of land. To permit the plaintiff now to recover a one-tenth interest in the 320-acre tract would be inequitable. The Jones heirs would ultimately be the losers. Under the facts they would have no recourse against the owners of the 50-acre tract.

The court found that appellee was entitled to recover, as heir of his

deceased half sister, an undivided interest of 5½ acres of the land belonging to Buie and Ford, and gave judgment therefor, and also gave judgment against J. W. Taylor, warrantor of D. J. Ford, for $55, and all of Ford's costs. The evidence shows that Effie Bussey, formerly Effie Jones, had died intestate, and without issue, leaving her husband, Nathan Bussey, surviving. It was through her that appellant inherited said 5½ acres.

In view of the facts, we think the proper judgment has been pronounced in this case, and that the same should be affirmed.

*Affirmed.*