The judgment is reversed and the cause remanded.

**MAXWELL et al. v. HARRELL et al.**

No. 9465.

Court of Civil Appeals of Texas. Austin.

Nov. 1, 1944.

Rehearing Denied Nov. 22, 1944.

R. B. Thrasher, Ike D. White, and H. Grady Chandler, all of Austin, for appellants.

Geo. E. Shelley, of Austin, for appellees.

BAUGH, Justice.

T. O. Maxwell died February 18, 1937, leaving a will, duly probated, the pertinent portions of which provided:

"Second: I give and bequeath to my beloved wife Florence Porter Maxwell the use and benefit of all the property that I may own or have claim to at the time of my death, real, personal and mixed both separate and community property.

"Third: It is my will and desire that my said wife, Florence Porter Maxwell, shall have the full right, at any time that she may wish, to sell and convey by general warranty deed or to mortgage or otherwise dispose of any and all of my Estate, real personal or mixed on such terms and conditions as she may see fit and proper, and to re-invest the monies derived therefrom in such properties or securities as she may desire and to use for her own personal *cum fort* all the interest, rents and revenues derived therefrom.

"Fourth: In case my said wife does not have sufficient funds from the interests, rents and revenues derived from said estate to support herself in any station in life that she may desire then it is my will and I desire that she shall have the full right and authority to spend any monies derived from the sale or mortgage of the whole or part of my estate for her support and benefit, and it is my will that my said wife shall never be questioned as to how she spend such money."

The Fifth paragraph provided that "If there should be any moneys or other personal, or real property, belonging to my Estate, in the hands of my said wife Florence Porter Maxwell, at the time of her death, then I will, devise and bequeath" same to named beneficiaries, who are brothers, sisters, nephews and nieces of said T. O. Maxwell.

Florence Porter Maxwell died on August 19, 1943, leaving a will, duly probated, in which, except for a cash bequest of $500, she devised all of her property to her nieces, Grace, Alice and Emma Harrell. Prior to her death, however, she conveyed by deed dated August 25, 1942, to said three above named nieces the old Maxwell homestead, community property of herself and her deceased husband, in the City of Austin, the pertinent portions of such deed reciting: "for and in consideration of the care, attention and kindness devoted to me and my welfare by my nieces, Grace Harrell of Austin, Texas, Alice Harrell of Washington, D. C., and Emma Harrell also of Washington, D. C., and the uniform devotion to, and sacrifices of their time for, me during my present protracted illness, and since the death of my husband, and desiring to show my appreciation for their generous services to me and to compensate them therefor in the only way in which I am able to do so";

"This conveyance is made, however, subject to the provision that the Grantor herein reserves, and it is hereby expressly

agreed, that she shall have for herself and her assigns, the full possession, benefit and use of the above described premises, as well as the rents, revenues and profits thereof, for and during her natural life."

After the death of Mrs. Maxwell, the appellants, as remaindermen under the will of T. O. Maxwell, and claiming under his will, sued the named Harrells to recover a one-half interest in the old homestead property and one-half of the personalty in the hands of Mrs. Maxwell at the time of her death, alleging that same belonged to the estate of T. O. Maxwell, deceased. The defendants, in addition to exceptions and special and general denials, by cross action asserted an interest in certain lands in Travis County, on the grounds that such lands, though inventoried as separate property of T. O. Maxwell, were purchased in part with community funds, and that such community interest of Mrs. Maxwell passed to them under her will. Trial was to the court without a jury, and judgment rendered that plaintiffs take nothing by their suit and that the defendants take nothing on their cross action. Plaintiffs gave notice of appeal only from the portion of the judgment adverse to them. The appellees gave no notice of appeal. The appellants duly prosecuted their appeal and the appellees bring cross assignments. The trial court filed findings of fact and conclusions of law.

The first four points presented by appellants urge that under the will of T. O. Maxwell the conveyance by Mrs. Maxwell to her nieces of his half interest was not authorized and consequently that such interest passed to the remaindermen, appellants here.

It is a cardinal rule of construction of wills that if the intent of the testator can be ascertained from the will itself such intent must be effectuated. If the will be ambiguous, then extraneous circumstances, such as the relationship of the parties, the objective sought to be attained, and the facts and circumstances surrounding the testator at the time he executed the will, may properly be looked to in ascertaining his intention.

It is clear we think that in the instant case only a life estate was devised to Mrs. Maxwell, with remainder over to the named beneficiaries, with the right and authority vested in Mrs. Maxwell by sale or otherwise to convert, and if deemed necessary by her to consume the entire corpus of the estate for her support and benefit in any station in life she might choose to live. West v. Glisson, 184 S.W. 1042. This case is distinguishable from that of Taylor v. Harkey, 145 S.W.2d 625, relied upon in large measure by appellees, as indicating a devise of a fee simple estate, subject to conditions subsequent. In that case the power of disposition of all the property by the beneficiary was absolute, as was the use of the proceeds from the sale thereof. In the instant case the first clause in paragraph "Third" of Dr. Maxwell's will, if taken alone or if it had been independent of the concluding clause, might be similarly construed. But as a part of the same sentence she is given authority to reinvest proceeds from such sale, mortgage or disposition, in other properties, from which she was to use the interest, rents and revenues. That she was to first apply to her own "use and benefit," for "her own personal *cumfort*" and "for her support and benfit," the interest, rents and revenues derived from the corpus of the property devised to her, or from such corpus as changed by her through sale and reinvestment in other property, before resorting to a consumption by her of the corpus itself, is made clear by the first clause of paragraph "Fourth" of said will, specifically authorizing her to consume such corpus in the event the interests, rents and revenues derived from such estate should not be sufficient to support her "in any station in life that she may desire." This provision of paragraph "Fourth" would be meaningless if she had already been given absolute power to do as she pleased with the property of the testator.

That being true she occupied a trust relationship to the remaindermen, and could destroy or cut off their remainders only as authorized by the terms of the will. W. C. Belcher Land Mort. Co. v. Clark, 238 S.W. 685, writ refused; McMurray v. Stanley, 69 Tex. 227, 229, 6 S.W. 412. She could not dispose of such property by gift or by will and thus defeat the rights or interests of the remaindermen. Johnson v. Kirby, 193 S.W. 1074; Kilpatrick v. Cassel, 19 S.W.2d 805, 807; Yockers v. Hackmeyer, 203 Ala. 621, 84 So. 709; 33 Am. Jur., pp. 733-734; 44 Tex.Jur., 835.

The next question presented is whether Mrs. Maxwell's deed to the Harrells for the consideration recited exceeds the authority granted her in said will. We have concluded that it does not. Appellants

contend that it constituted a gift and was thus inhibited under the rule above stated. If it was a gift that conveyance was ineffectual to pass title to the community interest of T. O. Maxwell in the property. While it is urged that such deed undertook to convey only such title as Mrs. Maxwell owned, it is clear we think that the conveyance included all title to the property. Hill v. Conrad, 91 Tex. 341, 344, 43 S.W. 789; Johnson v. Kirby, supra. We shall not undertake to discuss the numerous cases from other jurisdictions cited and relied upon by appellants, the one chiefly stressed being Yockers v. Hackmeyer, 203 Ala. 621, 84 So. 709, 710. They but announce the rule that a life tenant cannot, except as authorized in the deed or will creating the life estate, alienate the property involved, so as to defeat the estate of the remaindermen. The Yockers case is distinguishable from the instant case in that there, though a consideration of love and affection "and in grateful recognition of the faithful services he (the grantee son) has rendered me" was recited, the court found that such grantee had already been adequately compensated for his services, and that consequently that conveyance constituted a gift. In the instant case the consideration recited was not in "appreciation" of such services rendered, but in "compensation" for such valuable services, and for which the grantees had never been compensated. On this issue the undisputed proof showed that at the "urgent invitation" of Mrs. Maxwell, Miss Grace Harrell came from Fort Worth to Austin, on February 2, 1938, made her home with Mrs. Maxwell until the latter's death on August 19, 1943, looked after her every need, nursed her through frequent illnesses, herself contributed for several years $10 per month towards household expenses, and acted as nurse, housekeeper, and companion for Mrs. Maxwell. The trial court found, upon ample evidence to support such findings, that such services, covering a period of more than five years, were of the reasonable value of $150 per month. The other two Misses Harrell, grantees in said deed, had, beginning in 1937, even before the death of Dr. T. C. Maxwell, furnished Mrs. Maxwell her complete wardrobe, had given her trips, and had made other gifts to her. Mrs. Maxwell was 73 years of age when Dr. Maxwell, who was himself an invalid, died. She had had an operation for cancer, was frail, frequently ill, and the services rendered to her by Grace Harrell were indispensable. But for such services it would have been necessary for Mrs. Maxwell to employ someone. Such services, according to the court's findings, were of the value of more than $10,000. Mrs. Maxwell was clearly authorized under said will to sell her homestead and use the funds to pay for such services. It is not material that they were not contracted for in advance. They were in effect requested by Mrs. Maxwell in her time of need, obviously for her comfort and benefit. The fact that Miss Harrell, out of affection for her aunt, did not request nor expect compensation, does not detract from their necessity nor value to Mrs. Maxwell. Under such circumstances there was clearly an adequate and valuable consideration for the conveyance and it was not a gift of the property. We see no distinction in principle between a sale of such property and use of the proceeds for a clearly authorized purpose, and conveying the property in consideration of and as compensation for the same purpose, so long as no fraud is involved and a full consideration is received by the grantor. We conclude, therefore, that such conveyance was in keeping with the purpose and intent of Dr. Maxwell's will, and that Mrs. Maxwell fully realized the value of the property for her own use, benefit and comfort.

As to the personal property, the record shows that at the time of her death Mrs. Maxwell had on hand $4,932.57, which, after payment of all expenses, was reduced to $3,636.75, and which the court found to be her separate estate. This finding is attacked by appellants. It is clear that the rents and revenues from Dr. Maxwell's property, consisting of lands, was not sufficient for the support and maintenance of Mrs. Maxwell. Shortly after the death of Dr. Maxwell she sold lands in Lubbock County, their community property, for approximately $11,000, placed $5,000 of it in her savings account and the remainder in a checking account. She continued to use the checking account until it was exhausted and then resorted to her savings account. Dr. Maxwell's will did not purport to dispose of anything except his estate, which included his one-half of the community. Mrs. Maxwell could dispose of her community interest as she saw fit. As against appellants it was her separate estate. Wagnon v. Wagnon, 16 S.W.2d 366, writ refused. She was authorized under Dr. Maxwell's will, if necessary, to

consume both the income and the corpus of his estate, without first resorting to her own. The fact that she took approximately her community interest in the proceeds of the sale of the Lubbock County lands, placed same separately in a savings account, and used first for her benefit the community interest of Dr. Maxwell, and treated the savings account as her own, was sufficient evidence to sustain the court's finding that she intended to, and did segregate same and treat it as her separate property. That being true, she could dispose of it as her separate property by will or otherwise and appellants acquired no interest in it as remaindermen of Dr. Maxwell's estate.

There is next presented the cross assignments of appellees. Appellants have filed a motion to strike and not consider same on the ground that appellees filed no cross appeal. This motion should, we think, be granted.

The judgment rendered is distinctly severable into three parts:

1. Against the plaintiffs, to which they excepted, gave notice of appeal and in their appeal bond expressly limit their appeal to that portion of the judgment adverse to them.

2. Reformation of the description of the homestead property, not excepted to by either party.

3. Against the defendants on their cross action, involving distinct and separate property from that sued for by the plaintiffs, to which the defendants excepted, but gave no notice of appeal and have filed no appeal bond.

The judgment being clearly severable and appellants having specifically limited their appeal only to that severable portion adverse to them, it was incumbent upon appellees to prosecute their own appeal from that portion of the judgment adverse to them wherein they sought affirmative relief in their cross action, and involving property not sued for by the plaintiffs. The matter is ruled by Barnsdall Oil Co. v. Hubbard, 130 Tex. 476, 109 S.W.2d 960, opinion by the Commission of Appeals adopted by the Supreme Court; and Milliken v. Coker, 132 Tex. 23, 115 S.W.2d 620. These cases are not in conflict with Cain v. Bonner, 108 Tex. 399, 194 S.W. 1098, 3 A.L.R. 874, nor with Duren v. Houston & T. C. R. Co., 86 Tex. 287, 288, 24 S.W. 258, cited by appellees. These last cited cases involve judgments which were not severable, in which appellants had prosecuted an appeal from the entire judgment. In such instances appellee is not required to prosecute a separate appeal, because the entire judgment is already before the court, and he may urge by cross assignment errors affecting him adversely.

For the reasons stated appellees' cross assignments are not considered.

Finding no error in the record the judgment of the trial court is affirmed.

Affirmed.