Linnie McCAFFITY, Guardian, Appellant,

v.

Donnie J. RAMSEY, Executor, Appellee.

No. 14854.

Court of Civil Appeals of Texas.

Dallas.

Oct. 22, 1954.

Rehearing Denied Dec. 10, 1954.

Barnes & Barnes, W. H. Frank Barnes, Terrell, for appellant.

Clyde Elliott, Jr., Canton, for appellee.

DIXON, Chief Justice.

This appeal presents the question whether the independent executor under a will should be directed to sell certain real estate.

S. A. Ramsey, deceased, of Van Zandt County, left a will duly probated in May 1953, in which he undertakes to provide for the maintenance and support of his daughter, Ruby Lee Ramsey, a person of unsound mind, now 54 years old. The will further provides that the residue of his estate, after the death of Ruby Lee Ramsey, is to be distributed equally among his other children.

The estate consists of a one-half undivided interest in 173 acres of farm land in Van Zandt County, plus a small amount of personal property. The real estate is the testator's community interest in his home place, the other one-half undivided interest belonging to the estate of testator's deceased wife.

We here produce the material parts of the will:

"3. It is my will desire and I direct that all of my property, both real and personal, that I may die seized and possessed of, after the payment of all my just debts, together with all of the expenses incident to the probating of this will, shall pass to and vest in a life estate to my beloved daughter, Ruby Lee Ramsey, and I give and bequeath and demise to the said Ruby Lee Ramsey, all of the property, I may own or be interested in at the time of my death, during her natural life that is it is my desire and I direct that all of my property shall be held in trust for my daughter, Ruby Lee Ramsey, by my executor, to be hereinafter appointed, and that she be given a good home and be well cared for as long as she lives, and it is my desire and I direct that any money, personal property and the rents and revenues from the real estate, in my estate at the time of my death be set aside and put in a fund for her care and support and that no real estate be sold unless it becomes absolutely necessary for her care and support. (4) It is my desire and I direct that all of the residue of my estate remaining after the payment of the foregoing legacies to my daughter, Ruby Lee Ramsey, so long as she shall remain unmarried, with remainder thereof, on her decease, to my said other children and their heirs, respectfully, share and share alike."

Until Christmas of 1952 Ruby Lee Ramsey was living on the farm with one of her sisters, Mrs. Myrtie Boles, and one of her brothers, Tom Ramsey. Mrs. Boles is executrix of her mother's estate, so she has management and control of the other one-half interest in the farm.

During the holidays in 1952 Ruby Lee was brought to Dallas for a visit by another sister, Mrs. Emerson. She has not returned to the farm, but since December 1952 has resided in Dallas with still another sister, Mrs. Linnie McCaffity, appellant, who on June 1, 1953 was appointed guardian of her person and estate.

On November 17, 1953, appellant, as guardian, filed in the Probate Court of Van Zandt County, an application to require Donnie J. Ramsey, testator's son, and independent executor under his will, to sell the estate's one-half interest in the farm in order to pay for the care and support of Ruby Lee Ramsey. The County Judge refused to do so. Appeal was taken to the District Court where, after a trial before the court without a jury, appellant's application was again denied.

The District Court filed findings of fact and conclusions of law. We here quote from the findings:

"(4) That the property now owned by said S. A. Ramsey estate consists of one-half interest in approximately 170 acres of land which is described in plaintiff's application under consideration herein, and one-half interest in the $300.00 cash which the defendant testified he had on hand. (5) That said interest in said land was and is the only source of income of the said S. A. Ramsey estate. (6) That the income mentioned in the foregoing paragraph taken alone is not sufficient to support and maintain the said Ruby Lee Ramsey. (7) Mrs. Linnie McCaffity, plaintiff herein, was appointed guardian of the person and estate of Ruby Lee Ramsey, a person of unsound mind, by the Probate Court of Dallas County, Texas on June 1, 1953, and she is now the duly qualified and acting guardian of said person and her estate."

We think the testator's primary concern, as evidenced by the language of his will, was to provide for the proper care and support of his daughter of unsound mind, Ruby Lee Ramsey; and that the will directs that, should it become necessary in order to provide such proper care and support, the in-

dependent executor is to sell the estate's entire one-half undivided interest in the farm—not merely Ruby Lee's life estate. This conclusion finds support in the following cases: McFarland v. Phillips, Tex.Civ. App., 253 S.W.2d 953 (ref. n. r. e.); Maxwell v. Harrell, Tex.Civ.App., 183 S.W.2d 577 (ref. w. m.); West v. Glisson, Tex. Civ.App., 184 S.W. 1042 (writ ref.).

We come then to the question which is the basis of this appeal: Has it become necessary to sell the real estate in order to provide care and custody for Ruby Lee Ramsey? Unquestionably it has. The trial court expressly found, as above quoted, that said land was the only source of income of the S. A. Ramsey estate, and that the income was not sufficient to support and maintain Ruby Lee Ramsey. The record shows that Ruby Lee has no other source of income. The findings of the court are amply supported by the evidence. The contingency which the testator plainly intended to provide against has come about, and it is the duty of the independent executor to execute the provisions of the will by selling the estate's real property to provide care and support for Ruby Lee Ramsey, the testator's daughter of unsound mind. Art. 3433, Vernon's Ann.C.S.

Appellee contends that since he is an independent executor the court is without authority to order him to sell the property. Certainly the general rule in this State is that an independent executor is entitled to administer an estate free of the control of the probate court. Art. 3436, V.A.C.S. But this does not mean that the court has lost all jurisdiction. Our Supreme Court has said the appointment of an executor withdraws the estate from the supervision and control of the probate court *except in so far as some other statute may authorize the court to exercise its jurisdiction.* Rowland v. Moore, 141 Tex. 469, 174 S.W.2d 248. In our opinion Art. 3433, V. A.C.S. furnishes a basis under the facts of this case for the court to exercise jurisdiction. The independent executor has refused to sell the property, which as we see it

amounts to a refusal of the executor to carry out the terms of the will.

In John Hancock Mutual Life Ins. Co. v. Duval, Tex.Civ.App., 96 S.W.2d 740, 742 (writ. ref.), it is said, "Of course, the court would be authorized, whether it was so provided in the will or not, to require the executor, independent or otherwise, to comply with the express directions contained in the will." In Ellis v. Mabry, 25 Tex.Civ.App. 164, 60 S.W. 571, 572, speaking of an independent executor, the court says that the probate court has no further jurisdiction over the estate, but qualifies the statement by adding, *"so long as he continues to discharge the trust."* (Emphasis supplied.) And in Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954, 957, at page 957, our Supreme Court says that the probate court has no jurisdiction over an independent executor, but qualifies its statement by adding, " * * *, *so long as the executor is faithfully carrying out the provisions of the will."* (Emphasis supplied.) See also Cook v. Baker, Tex.Com. App., 45 S.W.2d 161.

It is obvious that friction and ill-feeling have developed among the brothers and sisters in regard to the care and support of Ruby Lee. Appellant testified at some length and in detail to the effect that while on the farm Ruby Lee had been terribly neglected. Mrs. Boles on the other hand says she was good to Ruby Lee. Donnie J. Ramsey, the independent executor, testified that during 1953 he had spent only $20 on her care and support. He opposes Ruby Lee's living in Dallas with appellant because, he says, she could be and was supported at less expense while living on the farm under the care of Mrs. Boles.

■ However, it is the responsibility of appellant, as guardian, not appellee as independent executor, to decide questions involving the charge and control of the person of Ruby Lee. The trial court expressly found, and in our opinion correctly so, that appellant is the duly qualified and acting guardian of the person and estate of Ruby Lee Ramsey. Therefore under the law it is not only the right but it is the duty of appellant, as guardian, to assume charge and control of the person of her ward, and to see that she is humanely treated and properly supported. Arts. 4162 and 4163, V.A.C.S.; McAdams v. Wilson, Tex.Civ. App., 164 S.W. 59 (writ ref.).

■ Appellee says that appellant's appointment as guardian is null and void and therefore subject to collateral attack because she failed to make a guardian's bond in an amount double the estimated value of the personal property in the ward's estate, as required by Art. 4141, V.A.C.S. We do not agree with appellee. The facts in this case do not support his contention.

■ Appellant's application for appointment as guardian does not estimate the value of the personal property in the ward's estate. However, the county court's order dated June 1, 1953 appointing appellant sets the amount of her bond at $500 and recites, " * * * which is the proper sum hereby ordered and fixed in accordance with the requirements of the law, with private persons as sureties, * * *." On the date named an inventory and appraisement had not yet been filed, but in view of the above recitals we must presume that the court did estimate the value of the personal property on June 1, 1953, as it had a right to do, and that the $500 was at least double the amount of such estimated value. Greer v. Ford, 31 Tex.Civ.App. 389, 72 S.W. 73; Carroll v. McLeod, 133 Tex. 571, 130 S.W. 2d 277. Moreover the trial court's finding of fact No. 4 says that the value of the personal property at the time of the trial in District Court was a one-half interest in $300 cash—in other words $150.

An inventory and appraisement filed June 8, 1953 estimates the value of the personal property of the ward's estate at $319.30. But this was after the court had presumably made his estimate on June 1, 1953 and after appellant had complied with the court's order by filing her bond on the same date in the amount of $500. Neither appellee nor anyone else has asked that the

amount of appellant's guardian's bond be increased as was done in the case of Barrett v. Safety Casualty Co., Tex.Civ.App., 179 S.W.2d 537.

■ The record shows that the Probate Court of Dallas County has entered an order authorizing appellant as guardian to expend the sum of $60 per month for the support and maintenance of the ward. The court's only conclusion of law is to the effect that said order is not binding on the executor. That question is not involved in appellant's application in the County Court, so could not properly have been an issue in the District Court trial. Leatherwood v. Stephens, Tex.Com.App., 24 S.W.2d 819, at page 824. Consequently we make no holding in regard to it on this appeal. Appellant's application in the County Court seeks only an order directing the independent executor to sell the real property in the estate of S. A. Ramsey in order to provide care and support for Ruby Lee Ramsey. It does not ask that $60 per month or any other sum be fixed as the amount the executor shall pay. Nor does appellant in her brief attempt to raise the question. In our opinion it is a matter for future trial and adjudication unless the parties reach an agreement on the subject.

The judgment of the trial court is reversed and rendered in favor of appellant sustaining appellant's application on appeal, and directing that the District Court transmit to the County Court of Van Zandt County for observance by the County Court judgment providing that the probate court direct the independent executor of the estate of S. A. Ramsey, deceased, to sell the real estate owned by the said estate to provide for the care and support of Ruby Lee Ramsey.

On Motion for Rehearing.

Appellee says that Art. 3433, V.A.C.S. applies only to a proceeding to annul or suspend the provisions of a will; and further, that it is not included in the articles which are named in Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954, at page 957 as providing the only statutory method by which a probate court may acquire jurisdiction of an estate being administered by an independent executor.

■ It is true that Arts. 3433, 3434 and 3435, V.A.C.S. describe a procedure for annulling or suspending the provisions of a will, and to that extent Art. 3433 is not applicable to the facts of this case. But we think the first part of the statute lays down a rule of law which applies to all wills and all executors, including independent executors. The part to which we refer is as follows, "When a will has been probated, its provisions and directions shall be specifically executed, * * *." In our opinion an independent executor though he is for the most part independent of control of the probate court, is nevertheless as much bound to obey the quoted provision and to carry out the express provisions of a will as any other type of executor. The mere fact that he is an independent executor does not give him a license to ignore the directions of the testator as set out in the will.

The statement relied on by appellee in the case of Cocke v. Smith, supra [142 Tex. 396, 179 S.W.2d 957], if taken out of its context and accepted literally does indeed support appellee's contention. But in the same paragraph there is a qualifying statement as follows: "Under these circumstances, it seems to be the settled law of this State that the probate court has no jurisdiction over an independent executor, nor of the estate he administers, *so long as the executor is faithfully carrying out the provisions of the will; * * *.*" (Emphasis supplied.) We think that the holding in Cocke v. Smith can be correctly understood only in the light of the particular facts there present, and after a study of the opinion as a whole. For to interpret the opinion otherwise would make it inconsistent with other holdings either announced or approved by our Supreme Court. Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892 at page 895; see also cases cited in our original opinion.

Appellee says that we erred in holding, " * * * the primary concern, as evidenced by the language of the will, was to provide for the proper care and support of his daughter of unsound mind, Ruby Lee Ramsey."

We agree with appellee that the construction of the will to determine the intent of the testator was not an issue in the trial court nor in this court. The language objected to by appellee was not intended by us to be a statement in adjudication of a contested issue in this case. It was merely a short descriptive statement of the general purport of the will, as is indicated by the opening of the next paragraph in our main opinion.

Lastly, appellee says that we erred in holding: "The record shows that Ruby Lee Ramsey has no other source of income." To support this contention appellee points out the land belonging to the S. A. Ramsey estate consists of a one-half interest in 170 acres, while appellant's inventory and appraisement shows that Ruby Lee owns a life estate in approximately 173 acres. There is testimony in the record that the farm in question was the community property of Ruby Lee's father and mother. The father, S. A. Ramsey, died first, naming appellee as executor to administer the father's one-half interest in the farm. Later the mother died, naming Mrs. Boles, a daughter, to administer the other one-half interest in the farm. Both father and mother in their wills gave Ruby Lee an interest in the farm (Statement of Facts, pp. 6 and 8). But the record shows without contradiction that her mother's half interest does not provide revenue for Ruby Lee's upkeep. In fact, appellant, who is the guardian of Ruby Lee's person and estate, testified that she had received only $20 from the S. A. Ramsey estate and not a penny from the deceased mother's estate for the support of Ruby Lee.

The motion for rehearing is overruled.

CRAMER, J., not sitting.