TjIPSCOMr, J.
The allegations o£ voluntary abandonment oí her lmsband against his will, and continuing apart from him against his wishes and entreaties, an; to be. taken as admitted ; and also the abandonment oí his name, and the assumption of another name, by which name she had brought suits in ihe DM riot Court oí Harris county, is to be taken as true, because the demurrer admits the truth of all (hose allegations.
Can a who, who has voluntarily abandoned the home of her husband, claim tlie ben-dii. iiie homestead law, after the death of her husband? The principle invoiw d in tills question was considered and settled at Tyler, the last Term, in tin- ease of Trawick v. Harris.
In thm. ease the object of the. homestead exemption from forced sale was discussed; ami it was believed that for tlie wife to be still entitled to the exemption in her favor, after she had voluntarily abandoned tlie lmsband and his homes!end. was wholly inconsistent with the spirit and design of that wise and benevolent provision in onr Constitution. If she lias been so unmindful of the marital obligations as to desert her lmsband and home, voluntarily and without any reasonable excuse for doing so, and so continues separate and apart from her lmsband, against his consent and his entreaties, for years, she, whilst- so disregarding her "'duties as a wife, could not interpose ail objection to tlie sale <>£ that homestead, nor can she claim a right to be consulted upon the subject ; and the right of tlie husband to sell would include in it tlie right to dispose o£ tlie same by testament should she still be found absent from the place that both the law and religion had assigned to her.
'i'liere are few if any countries where tlie rights of a wife are more carefully guarded by Jaw than in onr own, but they do'not go so far'as to free lier from all the. responsibility of lier condition, and continue to preserve to lier all the protection anil immunity that she would be entitled to whilst in tlie discharge of lier duties as a wife. The marriage is, by our laws, one of mutual and reciprocal obligation; and the mutuality of those obligations would be entirely disregarded were she to be allowed, in lier own wayward humor, without any just 'cause, to abandon for years the discharge of her duty. To permit her, under such circumstances, after the death of that husband so abandoned and neglected, to claim from his creditors or his children the homestead that she had wantonly abandoned, would be an absurdity, to which the law* affords no sanction hv any fair construction that can be given to it; on the contrary, it is so Ear out. of the reason of tlie law that it would be an implied exception to it. Where the reason of tlie law is clear and manifest, whatever is not within the reason is ail implied exception.
Had the. wife been driven, by the ill-treatment Of tlie husband, to abandon the sacred precincts of that home, .dedicated by the law to lier use and to her protection from tlie misfortunes and adversities of life, she could again have returned to the sanctified asylum when tlie storm, by which she liad been driven out a houseless wanderer, had passed over. And it is to be hoped that tlie demurrer to the facts alleged was more an experiment upon the law of the case than an acknowledgment o£ tlie truth of the charges made against the wife or ot her inability to gainsay them.
The same principle we have discussed and laid down in relation to the homestead apply with equal force to the other provisions set apart for the wife and for the year’s supply. Had she not voluntarily abandoned her home, unless tlie estate was indebted, she could only have bad the year’s allowance to lier under tlie statute, and the homestead.
The judgment is reversed and tlie cause remanded, with instructions to overrule the demurrer filed to'the answer of the executors, and give leave to the • petitioner to controvert tlie truth of tlie matters charged.
Keversed and remanded.