MURPHY v. LEWIS et al. (No. 151.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 20, 1917.)

1. ESTOPPEL ⬦34—HOMESTEAD — NECESSITY OF PLEADING.
   In action on note and trust deed securing it, in the absence of plea of estoppel of the maker to claim homestead by reason of statement in the trust deed, the issue of estoppel was properly withheld from the jury.

2. HOMESTEAD ⬦216 — RIGHT TO CLAIM — RESIDENCE.
   Since the mere fact that the claimant's wife was not living on the land with him at the time a deed of trust thereon was executed did not remove the homestead character of the land, instruction that if the land was the separate property of the husband, and his wife was not living with him at the time of the execution of the deed of trust, the land was not a homestead, was properly refused.

3. HOMESTEAD ⬦157 — RIGHT TO CLAIM — RESIDENCE.
   If, when the husband executes a deed of trust on his land, his wife is living separate and apart from him, and in abandonment of him, with no intention of ever living with him again, or on the property as a homestead, then the land is not a homestead in contemplation of law.
   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Homestead.]

4. HOMESTEAD ⬦32—RIGHT TO CLAIM—INTENTION.
   The mere fact that the husband, when he married, had the intention at some time to occupy as a homestead the land involved in a subsequent trust deed, did not impress it with the character of homestead, where in fact such intention was never consummated.

5. HOMESTEAD ⬦157 — RIGHT TO CLAIM — RESIDENCE.
   The husband may make a valid sale of community property, constituting the homestead of himself and wife, where the wife voluntarily abandons and is living in abandonment of him at the time of such sale, and the husband's deed to such property, under such circumstances, will pass the title as against any right or claim of the wife, notwithstanding the law forbids the sale of a homestead by a husband without being properly joined in the deed by his wife.

6. HOMESTEAD ⬦118(2)—RIGHT TO CLAIM — RESIDENCE.
   In view of Const. art. 16, § 50, exempting the homestead from forced sale and providing that no trust deed shall be valid except for purchase money or improvements, whether made by the husband or the husband and wife, a married man cannot successfully contend that his voluntary act in executing a deed of trust was a nullity, because he was married and was occupying the property as a place of residence when he executed the deed of trust, his wife having abandoned him with the intention never to return.

7. HOMESTEAD ⬦133—EXEMPTIONS—BURDEN OF PROOF.
   One seeking to avoid a trust deed on the ground that the property covered thereby was the homestead of himself and wife, has the burden of showing every element of homestead as defined by Const. art. 16, § 50.

8. HOMESTEAD ⬦213—EXEMPTIONS—BURDEN OF PROOF—SPECIAL PLEA.
   One seeking to enforce a trust deed upon property alleged to be the homestead need not specially plead abandonment of the maker of the trust deed by his wife in order to avail himself of such abandonment in determining the character of the land.

Appeal from District Court, San Augustine County; A. E. Davis, Judge.

Action by Mrs. S. J. Polk against John H. Broocks, W. C. Crouch, A. Murphy, and Frank Lewis. From the judgment rendered, A. Murphy appeals. Reversed and remanded.

D. M. Short & Sons, of Center, for appellant. Davis & Ramsey and W. J. Garrett, all of San Augustine, for appellees.

HIGHTOWER, C. J. This is an appeal from a judgment of the district court of San Augustine county by A. Murphy, who was one of the defendants cast in the judgment of the trial court, and who alone has appealed. The statement of the nature and result of this suit, as made by appellant in his brief and acquiesced in by appellees, is very lengthy and covers some 15 pages of appellant's brief, but we think that it is entirely unnecessary or profitable to any one to incumber this opinion with a statement of such length, and we have therefore decided to state the case more briefly.

On the 24th day of February, 1913, Frank Lewis executed and delivered to A. Murphy his promissory note in the principal sum of $540, which bore interest at the rate of 10 per cent. per annum, and contained the usual clause for attorney's fees. This note was due and payable on or before November 1, 1913. To secure the payment of this note, Lewis, at the same time, executed and delivered to T. L. Foster, trustee, a deed of trust covering a tract of land in San Augustine county owned by Lewis, which tract embraced 277 acres. It was expressly declared in the deed of trust that the land thereby conveyed constituted no part of any land or property claimed by Lewis to be exempt from forced sale under any law of this state. The note above mentioned was sold, transferred,

and indorsed by Murphy to John H. Broocks.

On the 26th day of March, 1914, John H. Broocks borrowed from Mrs. S. J. Polk, a widow, $500, and at the same time executed and delivered to her his note in that sum, payable 90 days thereafter, bearing interest at the rate of 10 per cent. per annum, and providing for the usual attorney's fees. This note was indorsed by W. C. Crouch merely for the accommodation of Broocks. To further secure the payment of his note to Mrs. Polk, Broocks delivered and pledged to her, as collateral, the $540 note executed by Lewis to Murphy, of which Broocks had become the owner, as above stated. John H. Broocks having wholly failed to pay his note executed to Mrs. S. J. Polk, the latter, as plaintiff below, filed this suit, making the said Broocks, Crouch, Murphy, and Lewis defendants.

The plaintiff's petition contained proper allegations showing the liability of Broocks and Crouch on the Broocks $500 note, and also alleged that she held as collateral security for its payment the note from Lewis to Murphy, pledged to her by Broocks, alleging that Murphy was personally liable on the Lewis note, by reason of his indorsement to Broocks, and also alleging that Lewis was personally liable as maker thereof. It was further alleged by the plaintiff that the deed of trust executed by Lewis to secure the payment of the pledged note constituted a valid and subsisting lien on the land thereby conveyed to secure the payment of the pledged note. The prayer was, in substance, for judgment against all of the defendants, as follows: Against Broocks and Crouch for the amount due on the Broocks $500 note, and against Lewis as maker and Murphy as indorser on the Lewis $540 note held by plaintiff as collateral to the Broocks note, and for foreclosure of the deed of trust given by Lewis to secure the payment of the Lewis $540 note.

Each defendant in due time answered plaintiff's petition, such answers being, in substance, as follows: Broocks and Crouch admitted their liability to plaintiff on the Broocks $500 note, as claimed by plaintiff, and Murphy admitted his liability as indorser on the Lewis $540 note, as claimed by plaintiff, and these defendants admitted and asserted that plaintiff was entitled to a foreclosure of the deed of trust executed by Lewis to Murphy, as prayed by the plaintiff. The defendant Lewis, by his answer to plaintiff's petition, denied any liability whatever to plaintiff. This defendant alleged that he was not liable on the $540 note executed by him to Murphy, for the reason that he had paid same in full while it was held by Murphy, and that plaintiff was not an innocent purchaser of the note, because she acquired it long after maturity, etc. The alleged terms of payment of this note are not necessary to be here stated, but we might say, however,

that the plea of payment of this note by defendant Lewis was denied him. The defendant Lewis also denied the right of plaintiff to a foreclosure of the deed of trust declared on in her petition, except, in any event, as to 77 acres off of the west end of the 277-acre tract covered by the deed of trust, on the alleged ground that the remaining 200 acres constituted the homestead of himself and family at the time of the execution of the deed of trust, and that his attempt to incumber the same by such deed of trust was an absolute nullity, etc.

To this answer, plaintiff replied by supplemental petition, consisting of a general denial, special denial of payment of the $540 note, and special denial that the deed of trust was invalid on the ground that the property conveyed thereby, or any part of it, was exempt from forced sale, for the reason that it was such a homestead as claimed by the defendant Lewis.

There were also other pleas by all of the defendants, in the nature of cross-actions as against each other, but we deem it unnecessary, in view of the disposition we have made of this case, to incumber this opinion with a statement of these several pleas, some of which are lengthy.

The case was tried with a jury, to whom it was submitted on special issues, and upon the verdict of the jury judgment was entered by the court, which, as between the plaintiff, Mrs. Polk, and the defendants Broocks, Crouch, Murphy, and Lewis, was, substantially, as follows:

It was decreed that the plaintiff have judgment against Broocks as maker and Crouch as indorser on the Broocks $500 note for the principal sum thereof, together with accrued interest and attorney's fees, as prayed by the plaintiff, and was further decreed that the plaintiff should recover a personal judgment as against the defendant Frank Lewis, on the $540 note executed by him to Murphy, and held by the plaintiff as collateral security to the Broocks note, to the extent of the amount recovered by plaintiff on the Broocks note, and also that the plaintiff have judgment as against defendant Murphy, as indorser on the Lewis $540 note held by plaintiff as collateral for the Broocks note. It was further decreed that the deed of trust declared on in plaintiff's petition constituted a valid lien as to 77 acres off of the west end of the tract of land mentioned in the deed to secure the payment of the $540 Lewis note, and it was therefore decreed that the deed of trust lien to that extent be foreclosed; but it was further decreed that, as to the remainder of said tract of land conveyed by said deed of trust, the deed of trust constituted no lien on the same, for the reason that such remaining portion of the tract constituted the homestead of the defendant Lewis at the time of the execution of the deed of trust, and that therefore the attempt on the part of Lewis to incumber

the same by the deed of trust was a nullity, and a foreclosure was, therefore denied; and further, the decree recites that as between the plaintiff and defendant Lewis, the deed of trust should be canceled and annulled as constituting a cloud upon the title of the said Lewis. The judgment goes on at great length in fixing the rights and liabilities of all the defendants as between each other under their several cross-actions, but it is unnecessary to here mention the judgment further.

The judgment as entered by the court was duly excepted to by defendant, Murphy, and in due time motion for new trial was filed by Murphy, which motion was overruled and the action of the court in that respect duly excepted to, and the case is now properly before this court on appeal by defendant, Murphy, for review.

The trial court's charge to the jury, with reference to the issue of homestead interposed by the defendant Lewis, was as follows:

"Question No. 1. Was the 200 acres of land described in the answer of Frank Lewis, and claimed by him as his homestead, the homestead of said Frank Lewis at the time he executed the deed of trust to T. L. Foster on February 24, 1913?"

To this question, so propounded by the court, the jury answered, "Yes."

There was nothing else in the court's main charge touching this issue of homestead, nor any further guide whatever given by the main charge to the jury, by which they should be governed in determining that issue, but the court did give, at the request of the defendant Frank Lewis, several special instructions with a view to guiding the jury in determining the homestead issue, to which reference will be made hereafter.

The first, second, and third assignments of error complain of the refusal of the trial court to give to the jury special instructions, by which appellant sought to have submitted to the jury an issue of estoppel, substantially telling the jury that if they should believe from the evidence that at the time appellant, Murphy, loaned to Lewis the $540 represented by the note of Lewis to Murphy, Murphy did so in good faith, relying upon the declaration of Lewis in the deed of trust, to the effect that the land thereby conveyed constituted no part of any property claimed by him as a homestead or exempt from forced sale, and that Murphy would not have made such loan to Lewis but for such declaration and Murphy's belief therein; that then defendant Lewis would be estopped to claim that any portion of the land covered by the deed of trust was his homestead.

[1] After careful consideration of these assignments, we are of the opinion that they should be overruled, for the reason that there was no plea of estoppel interposed by appellant, Murphy, or any other party to this suit, as here sought to be submitted for the jury's consideration, and in the absence of such plea of estoppel, the trial court would not have been authorized to submit the issue of estoppel.

The fourth assignment complains of the action of the court in refusing to give a special instruction requested by appellant, which was, in substance, that if the land conveyed by the deed of trust was the separate property of the defendant Lewis, and his wife was not living with him on the land as a homestead at the time the deed of trust was executed, that then the land claimed as a homestead by Lewis did not constitute a homestead in contemplation of law, even though Lewis, himself, was actually living on the land at the time as his homestead.

[2] We think the trial court did not err in refusing to give this charge, because it is entirely too broad. It may be that Lewis' wife was not living on the land in question with her husband at the time the deed of trust was executed, and, in fact, this record shows, without dispute, that she was not living with her husband on the land conveyed by the deed of trust at the time of its execution, but this fact, of itself, would not have the effect, in law, to take away the homestead character of the land, if the other essential elements were present, stamping it with that character. The charge requested did not present to the jury the issue of fact as to whether, at the time of the execution of the deed of trust, the wife was living in abandonment of her husband, but merely told the jury that if she was not actually living with him on the land in question, at the time, that that fact alone would take away the homestead character of the land, as claimed for it by defendant Lewis. Therefore, we think that the court did not err in refusing to give this charge, and this assignment is overruled.

[3] By assignments Nos. 5 and 6, appellant complains of the action of the trial court in declining to give to the jury two special instructions, designed to guide the jury in answering the issue of homestead submitted to them, as above set out, and which charges so requested read, substantially, that if the jury should believe from the evidence that at the time the deed of trust was executed by Lewis, his wife was living separate and apart from him, and in abandonment of him, and with no intention of ever living with Lewis again, or on the property conveyed by the deed of trust, as a homestead, that then, in such event, the land claimed as a homestead by defendant Lewis was not a homestead in contemplation of law.

The court refused both these instructions, and its action in doing so was duly excepted to by appellant, Murphy, and we think, after careful consideration of the question, that the court's action in this respect was error, for which the judgment must be reversed. In this connection, we shall briefly discuss the facts which we consider relevant to these assignments.

[4] The tract of land conveyed by the deed of trust in question was the separate property of the defendant Lewis, having been inherited by him long prior to his marriage with his present wife, to whom he was married some time in the summer, about July, perhaps, of 1911. Defendant Lewis, shortly after marrying his wife in Angelina county about July, 1911, brought his wife to San Augustine county, and he and she lived together as man and wife on premises other than the land conveyed by the deed of trust, and they continued to live in and about the town of San Augustine for several months, some three or four months, at which time Lewis' wife left San Augustine and her husband, carrying with her all household effects, except one trunk and bedstead, the individual property of the defendant Lewis, and went to the town of Nacogdoches, in Nacogdoches county, and there lived for several months thereafter, on premises rented by her, and from there she moved to Marshall, Tex., where she has continued to reside, and was residing at the time of the trial. The defendant Lewis testified that after his wife left him and went to Nacogdoches, he visited her there several times, and lived with her as his wife, and that after she went from Nacogdoches to Marshall, he also visited her and lived with her as his wife, but it is also shown by his testimony that he was unable to prevail upon his wife to return to him in San Augustine county, and it is expressly admitted by defendant Lewis, in his testimony, that he had told several different persons, prior to the execution of the deed of trust in question, that it was his intention to sue his wife for divorce, and there are other facts and circumstances in this record, taken in connection with what we have stated, which would strongly indicate that at the time the deed of trust in question was executed, Lewis' wife had abandoned him, with the intention of permanent abandonment, and that such intention continued up to the time of the trial of this case. It is also undisputed in this record that Lewis never at any time occupied any portion of the land conveyed by the deed of trust in question as a homestead with his wife, after his marriage to her, and during the period of time that she remained with him, and she never for a moment actually resided upon the land covered by the deed of trust while living with Lewis as his wife; in other words, the land covered by the deed of trust was never made the homestead, in fact, of Lewis and wife, or either of them, while the wife was living with him, and as we understand it, there is no contention on the part of Lewis that the property in question was ever stamped with the homestead character, in fact, during the time that Lewis' wife was actually living with him. The most that can be said in behalf of the homestead claim in that connection is that Lewis testified that he had always claimed the 200 acres of land now claimed as a homestead to be his homestead, and that he intended, after marrying his wife, to at some time actually occupy this property as a homestead for himself and family. Such intention on Lewis' part, however, did not and could not have the effect in law of giving to the property in question the character of homestead, in fact. West End Co. v. Grigg, 93 Tex. 451, 56 S. W. 49; Summerville v. King, 98 Tex. 340, 83 S. W. 683; Johnson v. Burton, 39 Tex. Civ. App. 250, 87 S. W. 181; Sproulle v. McFarland, 56 S. W. 695.

[5] Now, it being undisputed in this record that the property claimed by Lewis as being the homestead of a family was never, in fact, occupied as such by the family or stamped with the character claimed for it during the time that the family relation existed, can it be said that such property could be stamped with the character of homestead of a family after the wife of Lewis had abandoned him, with the intention of abandonment, which intention on her part has continued, if it has, in the sense that Lewis could not execute a valid deed of trust on the property if he saw fit to do so, especially since the property covered by the deed of trust is admittedly the separate property of the defendant Lewis?

We understand it to be the rule in this state that the husband may make a valid sale of community property, constituting the homestead of himself and wife, where the wife voluntarily abandons and is living in abandonment of her husband at the time of such sale, and that the husband's deed to such property, under such circumstances, will pass the title as against any right or claim of the wife, notwithstanding the law forbids the sale of a homestead by a husband without being properly joined in the deed by his wife. This rule must rest upon the fact that the wife, in voluntarily and without cause abandoning the husband and homestead, loses or forfeits all interest that she theretofore had in such property as a homestead, and if, in such circumstances, the husband can make a valid conveyance of the property belonging to the community and constituting the homestead, and actually occupied and stamped as such at one time, we can see no sound reason why the husband, when voluntarily abandoned by the wife, may not incumber property owned in his individual right, especially where such property had never been, in fact, stamped with the homestead character during the time the spouses were actually together as man and wife.

[6] It will be remembered that the wife of Lewis is not a party to this suit, and no claim whatever on her part is asserted, but the real contention of Lewis is that his voluntary act in executing the deed of trust on the property in question was a nullity, simply because he had been married, and because the marriage relation had not been legally severed by a decree of divorcement, and because, as he con-

tends, he, himself, was actually occupying the property in controversy as a place of residence at the time the deed of trust was executed. We think that such contention on his part cannot be sustained, and we have been cited to no authority in this state upholding such contention thus broadly made, and in the absence of any adjudication of the Supreme Court of this state upholding such contention, we would hesitate to establish such precedent.

The Constitution of this state (article 16, § 50), which is sought to be invoked by the defendant Lewis as defeating the deed of trust executed by him in this case, is as follows:

"The homestead of a family shall be, and is hereby, protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of the wife given, in the same manner as is required in making a sale and conveyance of the homestead; nor shall the owner, if a married man, sell the homestead without the consent of the wife, given in such manner as may be prescribed by law. No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefore, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead, involving any condition of defeasance shall be void."

In construing this article of our Constitution, it has been said by the Supreme Court of this state that the protection of the wife and children entered very largely into the consideration that induced the exemption of the homestead, in order that the wife might have an asylum from which she and her children could not be expelled by creditors and exposed, not only to physical suffering, but also to the more baneful influences so often brought to bear on the unfortunate. Trawick v. Harris, 8 Tex. 313. It has been also held by the Supreme Court of this state, however, that when the wife voluntarily withdraws from the state and takes up her domicile in another, and is no longer a priestess ministering at the household altars, all her claims under such circumstances to the homestead are repugnant to the beneficent designs in contemplation, and must be rejected. Howard v. Marshall, 48 Tex. 478.

Thus, it will be seen that the framers of our Constitution, in exempting from forced sale property constituting the home of a family, and declaring all attempts to incumber the same by any character of lien shall be a nullity, had in mind, as a controlling factor, the protection of the wife and children. The defendant Lewis had no children, and there never was at any time any member of his family, other than himself and wife, and when the wife, of her own volition, abandoned her husband, with no intention ever to return to him, if such was the case, which intention remained up to the time of the execution of the deed of trust in this instance, she thereby and in consequence of her own voluntary act deprived herself of any valid claim in the property covered by the deed of trust, as a homestead, and in our opinion the defendant Lewis, under such circumstances, was authorized to create a valid lien upon this property as he did, and that his act in doing so, under the circumstances of this case, would bind both himself and his wife, as against the claim of homestead interposed by him in this case.

We therefore conclude that the trial court was in error in refusing to give to the jury the special charges requested, as shown by these assignments, and for that error the case should be reversed.

The seventh, eighth, ninth, and tenth assignments of error complain of the action of the trial court in giving to the jury, at the request of defendant Lewis four special charges designed to guide the jury in determining whether the land claimed by Lewis as a homestead was a homestead in contemplation of law, at the time the deed of trust in question was executed. We have carefully considered these special instructions which were given by the court, and we have concluded that they were entirely too broad, in that each of them ignored the fact of voluntary abandonment by Lewis' wife, if such was a fact, at the time the deed of trust was executed, and upon another trial, if the evidence should be substantially the same, the trial court should not give either of these charges as now framed. In the main, these charges announce a correct abstract proposition of law, but, as stated, they ignore one of the material issues in this case, and instead of clearly guiding the jury in arriving at their verdict on the issue of homestead, they are calculated to mislead the jury in arriving at a verdict on that issue.

[7-8] In what we have said above we have not been unmindful of the contention of the defendant Lewis, to the effect that the appellant, Murphy, cannot complain of the action of the court in refusing to give to the jury the special instructions requested by him relative to the wife's abandonment of the husband in arriving at their verdict on the issue of homestead, for the reason, as contended by appellee Lewis that appellant did not specially plead that Lewis had been abandoned by his wife at the time of the execution of the deed of trust in question. We think that such a special plea was not required as a basis for the evidence on that point, or the charges requested by appellant, because we hold that the burden of proof was upon appellee Lewis, in order to defeat the deed of trust on the ground of homestead, to show every essential element which gave to the property in controversy that character; in other words, it was incumbent upon him to show that at the date of the execution of the deed of trust, the property

claimed as a homestead constituted the homestead of a family, as defined by article 16, § 50 of the Constitution, and if, in the attempt to do so, the proof showed or was sufficient to raise the issue that his wife, the only other member of his family than himself, was living in voluntary and permanent abandonment of him at the time of the execution of the deed of trust, and if such issue of abandonment was found against him, then he had failed to establish the fact that the property claimed by him as the homestead of a family was such, in fact, or in contemplation of law, at the time of the execution of the deed of trust.

This disposes of all assignments of error on the part of appellant, Murphy, with the exception of one, the eleventh, which challenges the verdict of the jury on the issue of homestead as being against the weight of the evidence, etc. We shall not discuss that assignment, in view of another trial, and especially in view of the manner in which that issue was presented to the jury in connection with the special charges requested by appellee Lewis, and given by the court, and which we hold should not have been given as framed.

For the errors pointed out, the judgment of the trial court is reversed, and the cause remanded.