## W. D. MILLIKEN V. CHARLES B. COKER ET AL.

No. 7067. Decided April 20, 1938.
Rehearing overruled October 26, 1938.
(115 S. W., 2d Series, 620.)

24

*Geo. M. Hopkins,* of Denton, for plaintiff in error.

It was error for the Court of Civil Appeals to reverse the judgment of the trial court in favor of defendant for an undivided 1/14th interest in the land because the plaintiff did not appeal therefrom but acquiesced therein, as said judgment is severable and distinct from the judgment rendered in favor of plaintiff and against defendant. Sullivan v. Doyle, 108 Texas 368, 194 S. W. 136; Morrison v. Reece, 266 S. W. 815; Kerns National Bank v. Stockton, 281 S. W. 580.

The defendant having purchased the entire interest of the plaintiff at sheriff's sale, under an order of sale issued out of the district court, the plaintiff's suit, being an independent suit, is a collateral attack on said judgment and sale which casts a cloud upon the title to said land which should be canceled and removed. Waitz v. Uvalde Rock Asphalt Co., 58 S. W. (2d) 884; Lee v. Kingsbury, 13 Texas 68; Burton v. McGuire, 41 S. W. (2d) 238.

*Alvin C. Owsley,* of Denton, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Prior to June 25, 1923, Charles B. Coker owned by inheritance from his father a 1/14th undivided interest in 280 acres of land in Denton County, Texas. On the date mentioned he executed a deed of trust upon his interest in said 280 acres to secure plaintiff in error W. D. Milliken in the payment of $172.40 with interest. This indebtedness represented a balance

upon a judgment rendered in a justice court of Denton County several years before—abstract of which was filed April 1, 1914.

On June 16, 1930, in Cause No. 10,344, in the District Court of Denton County, Milliken recovered judgment against Coker upon said indebtedness, with foreclosure of the deed of trust lien dated June 25, 1923. That judgment became final.

July 5, 1930, Milliken filed abstract of said judgment in the proper records of Denton County. Order of sale upon this judgment was issued on September 13, 1930, and on October 7, 1930, the Sheriff of Denton County, under said order of sale, sold the interest of Charles B. Coker in said 280 acres of land to satisfy the lien which had been foreclosed. Milliken became the purchaser of said interest.

On May 5, 1931, Charles B. Coker filed the present suit against Milliken in form of trespass to try title. He afterwards died, and on June 13, 1934, his surviving wife and children became parties to the suit, and filed first amended original petition. In addition to formal pleas in trespass to try title, they sought to set aside the sheriff's deed of October 7, 1930, and also sought to remove cloud from title to their interest in the 280 acres of land, which was alleged to be an undivided 1/7th interest.

The mother of Charles B. Coker died June 29, 1930, and from her he inherited an undivided 1/14th interest in said 280 acres, in addition to the 1/14th interest which he had inherited from his father, and which had been covered by the deed of trust lien. Mrs. Coker and the heirs will be hereinafter referred to as plaintiffs. Plaintiff in error Milliken will be hereinafter designated defendant.

In addition to pleading his title to the 1/14th undivided interest inherited by Charles B. Coker from his father, defendant contended that the sheriff's deed of October 7, 1930, also conveyed to him the 1/14th interest inherited by Charles B. Coker from his mother, who had died June 29, 1930. In the alternative, in the event he was denied recovery of this 1/14th interest under the sheriff's deed, he prayed that the lien by reason of filing abstract of judgment on July 5, 1930, be foreclosed as to the 1/14th interest which Charles B. Coker had inherited from his mother on June 29, 1930.

In the district court plaintiffs recovered title and possession from defendant of the 1/14th undivided interest inherited by Charles B. Coker from his mother. They were denied recovery of the 1/14th interest which Charles B. Coker had

inherited from his father, and title to that 1/14th interest was vested in defendant. Plaintiffs did not appeal from this part of the judgment. Defendant did appeal from that part of the judgment denying him recovery of the 1/14th interest acquired by Charles B. Coker from his mother. Plaintiffs filed no brief in the Court of Civil Appeals, and in no manner questioned the correctness of the judgment awarding to defendant the 1/14th interest which Charles B. Coker had inherited from his father.

The Court of Civil Appeals upon its own initiative, and without appeal, or any cross assignments of error, entered a judgment reversing the judgment of the trial court as to the 1/14th undivided interest awarded to defendant and designated as the interest inherited by Charles B. Coker from his father. It also reversed the judgment in so far as it denied a recovery in favor of defendant of the 1/14th interest inherited by Coker from his mother. The cause was remanded as to both interests. 90 S. W. (2d) 902.

■ The two 1/14th undivided interests were undisputably severable. Plaintiffs having failed to appeal from the judgment in favor of defendant for the 1/14th interest inherited by Chas. B. Coker from his father, the Court of Civil Appeals was wholly without jurisdiction as to that interest. This is so elementary that citation of authorities is not necessary. See, however, Barnsdall Oil Co. et al. v. Hubbard et al., 130 Texas 476, 109 S. W. (2d) 960, and authorities at page 964. The judgment of the Court of Civil Appeals as to that interest was a nullity.

■ As to the 1/14th interest inherited by Charles B. Coker from his mother, we think the judgment of the Court of Civil Appeals remanding the cause was correct. Defendant contends that he acquired title to that interest under the sheriff's deed. We do not think so. The order of sale under which that deed was made was based upon the judgment of June 16, 1930, foreclosing the deed of trust lien. At the date of that judgment Coker had not inherited the other 1/14th interest from his mother. At the time of the execution of the deed of trust and of the entry of the judgment Charles B. Coker only owned the 1/14th interest inherited from his father. There was no execution issued to enforce the lien acquired by virtue of filing abstract of judgment on July 5, 1930. There was no intention to sell under that lien, which alone could affect the 1/14th interest acquired June 29, 1930. No sale under it could have been made without execution based thereon.

It is further contended that the trial court erred in not

foreclosing lien acquired by filing the abstract of judgment July 5, 1930, upon the 1/14th interest acquired by Coker from his mother. If it be conceded that Charles B. Coker could not have acquired a homestead until the death of his mother, who had her homestead upon the land, still there was an issue of fact as to whether the homestead interest of Coker and wife attached to this 1/14th interest immediately after the death of Coker's mother, and prior to the filing of the abstract of judgment July 5, 1930. There is really no assignment of error questioning the action of the Court of Civil Appeals in remanding the cause as to this interest. The errors assigned are to the effect that the trial court as a matter of law should have awarded defendant judgment for this interest, or foreclosed the judgment lien.

For the reasons stated, the judgment of the Court of Civil Appeals as to the 1/14th undivided interest inherited by Charles B. Coker from his father is reversed, and as to that interest the judgment of the district court is affirmed. The judgment of the Court of Civil Appeals in remanding the cause as to the 1/14th interest inherited by Coker from his mother is affirmed.

All costs of the Court of Civil Appeals and of this Court should be paid by defendant in error.

Opinion adopted by the Supreme Court, April 20, 1938.

Rehearing overruled October 26, 1938.