LOGAN et al. v. AIKEN et al.
No. 10252.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 30, 1938.

Rehearing Denied Jan. 4, 1939.

S. Benton Davies and Rice & Rice, all of San Antonio, for appellant.

Church & Steger, Moursund, Ball, Moursund & Bergstrom, E. L. Early, and Terrell, Davis, Hall & Clemens, all of San Antonio, for appellees.

SLATTON, Justice.

Mary A. Logan, joined pro forma by her husband, David I. Logan, brought this suit in the form of an action of trespass to try title against E. J. Frazer and others to recover land described as the north ½ of Survey No. 181, Section 5, Robert B. Hays assignee of Augustine Chavez Survey, situated in Bexar County, Texas. By special pleading it was sought to cancel a certain deed and liens apparently existing upon such land because of the nonjoinder of Mary A. Logan to the deed, and alleged that such land was the homestead of David I. Logan and Mary A. Logan during all the period at which time the deed and liens were executed and attempted to be placed upon the land.

Frazer and others answered that the land in suit was the separate estate of David I. Logan and that a deed from him was made and delivered while the Logans were not living upon the land, and that such deed was signed and acknowledged by Mary A. Logan; that the vendee of the Logans placed upon the land valid liens to a bank, which Frazer purchased for value, without no-

tice of any homestead claim of the Logans. Frazer sought foreclosure of his lien. He also pleaded various acts of the Logans upon which he asserted estoppel against the Logans to claim invalidity of his lien because of the property being homestead.

The cause was submitted to a jury through special issues, upon which the trial court entered a judgment in favor of Frazer against James Aiken (vendee of David I. Logan) David I. Logan and others, foreclosing the deed of trust lien against the land in suit, subject to the following restrictions contained in the judgment:

"And the Court, having considered the Jury's verdict and the Court finding from said verdict and from the undisputed evidence that the 160 acres of land, the subject matter of this suit, which is hereinafter described, was on January 5, 1923, and at all pertinent times thereafter, and is now the homestead of David I. Logan and his wife, Mary A. Logan, and their children; and that such property has been in continuous use for homestead purposes by said family during all of such time, though such property was and is the separate property and estate of David I. Logan. Further that since Mary Logan did not join in the deed to James Aiken, but merely subscribed and acknowledged the same, the Court is of the opinion that said deed was and is void as a conveyance insofar as the homestead of the Logan family is concerned, and insofar as it affects the homestead character and use by Mary A. Logan and her husband, David I. Logan, with the constituent members of their family of the premises in question. However, the Court further finds that said deed with a covenant of general warranty is not wholly void, but should be held void only insofar as it affects the homestead use and occupancy of said property by David I. Logan, Mary A. Logan, or the constituent members of their family.

"It is, therefore, ordered by the Court that the estate in the above described land which may be sold under order of sale is only the remainder estate which shall remain after the termination of the homestead character and use of said land on the part of David I. Logan, Mary A. Logan and the constituent members of their family, and that as such family they shall have the peaceable and quiet enjoyment and use thereof. But if the homestead use and character of such premises shall hereafter be terminated by abandonment or other-wise, then in such case the purchaser or purchasers of such remainder estate shall be entitled to the immediate use and possession of such premises and all title to said land after such time. And it is ordered by the Court that the order of sale to be issued under this decree shall not have the force or effect of an immediate Writ of Possession of said premises. * * *"

Frazer moved for judgment notwithstanding the verdict, which was overruled. Mary A. Logan moved for judgment upon the verdict, which was in part granted and in part overruled. Both parties filed motions for new trial. Said motions were overruled. Mary A. Logan appeals and Frazer cross assigns error. The record is here without a statement of facts.

■ Mary A. Logan seeks to reform the judgment entered by the trial court, which restricts her homestead rights to the property in suit, and urges that the jury having found the property to be the homestead of the Logans at all material times involved, and she not having joined in the conveyance by her husband to James Aiken, and the jury having found no acts of the Logans which in law would justify an estoppel against them, she was entitled to a judgment in favor of her homestead in the land, free and clear of the liens and the deed from David I. Logan to James Aiken. It seems to be conceded that the title to the land in suit was the separate estate of David I. Logan. However, under the law, the claim of homestead may be successfully asserted thereto by Mary A. Logan. 22 Tex.Jur. par. 166, page 239.

While the property in suit was being used as a family homestead by the Logans and at a time while the Logans were not living upon the land David I. Logan executed a deed to the land to James Aiken for a recited consideration of Six Thousand Dollars, Mary A. Logan did not appear as grantor in the deed, but shortly thereafter signed and acknowledged the same. The jury found that on the date of the deed from David I. Logan to James Aikin the use of the land by David I. Logan was not open, visible or obvious. The jury also found that at the date of such deed and other material times the attorney representing the interested parties possessed such knowledge as would have put a reasonably prudent person upon inquiry as to the nature and extent of the ownership of the Logans to the land, and that said attorney failed to pursue such inquiries.

Under these findings the trial court held as shown by the judgment, that the deed was inoperative as to the homestead estate of Mrs. Logan, but valid as a conveyance of the title which was in the separate estate of David I. Logan, the husband. We have shown that the homestead may be established upon property belonging to the community estate of the husband and wife, or the separate estate of the husband or wife. This being true the deed here involved is ruled by the case of Stallings v. Hullum, 89 Tex. 431, 35 S.W. 2, by the Supreme Court; the only distinction being that the property there involved was community, and the property in the present case being the separate property of the husband.

If we give effect to our Constitutional and statutory restrictions governing the alienation of the family homestead, no logical reason is suggested to support a different holding than was made in the Stallings case supra, simply because the title to the homestead lies in the separate estate of the husband.

■ Frazer insists that Mary A. Logan is estopped to claim her homestead to the land in suit because she signed and acknowledged the deed from Logan to Aiken, and upon the finding of the jury that the attorney at the time of making the note secured by the lien which Frazer seeks to foreclose, relied upon the signature and acknowledgment to the deed of the Logans and would not have made such loan had it not been for such deed. It is our opinion that such conduct upon the part of Mary A. Logan does not estop her from asserting title to the property, Stone, et al. v. Sledge et al., 87 Tex. 49, 26 S.W. 1068, 47 Am.St. Rep. 65, Supreme Court. It may be true that the deed from David A. Logan to James Aiken being executed at a time when the homestead use of such property was not open, visible, nor obvious would ordinarily estop Logan and wife from asserting their homestead rights against the lien thereafter placed upon the land. But in the face of the finding of the jury that the attorney, who was the agent of the bank and Frazer, possessed sufficient knowledge to put a prudent person upon inquiry and that such attorney failed to pursue that inquiry which would have disclosed the homestead claim of the Logans, we are of the opinion that Frazer's claim of estoppel against the Logans cannot be sustained. In the case of Paris Grocer Co. v. Burks, 101 Tex. 106, 105 S.W. 174, it is said [page 175]: "Having such opportunities, of which prudence dictates that he shall avail himself, one who has omitted to do so will not be heard to deny that he had notice of a fact of the existence of which he was thus put upon inquiry." Thus, under the finding of the jury, Frazer through his agent was charged with the knowledge of the homestead claim of the Logans and his claim of estoppel fails because there was absent the very important element of deception. Shear Co. v. Wilson, Tex.Com. App., 292 S.W. 531, on motion for additional opinion, 294 S.W. 843.

Mr. Pomeroy states the rule as follows: "The truth concerning these material facts must be unknown to the other party claiming the benefit of the estoppel, not only at the time of the conduct which amounts to a representation or concealment, but also at the time when the conduct is acted upon by him. If at the time when he acted such party had knowledge of the truth, or had the means by which with reasonable diligence he could acquire the knowledge so that it would be negligence on his part to remain ignorant by not using those means, he cannot claim to have been misled by relying upon the representations or concealment." 2 Pom.Eq.Jur., 4th Edition, § 810.

■ It is contended by Frazer that Mary A. Logan, by signing and acknowledging the deed from David I. Logan to James Aiken to the husband's separate estate while the family was not residing thereon as their homestead, ratified such deed, and the court erred in foreclosing the lien subject to the homestead of the Logans. He relies strongly upon the authority of Grissom v. Anderson, 125 Tex. 26, 79 S.W.2d 619, Supreme Court. There the acts construed to be a ratification of an oil and gas lease were made in accordance with law having reference to the alienation· of homestead property. Such appears in the following language, to-wit [page 623]: "On the contrary, a recognition of the lease was made in *deeds executed by them in strict conformity with law,* and the benefits arising therefrom accepted." In the present case Mary A. Logan did not join in the deed, as required by law, but merely signed and acknowledged it. The law exacts more than consent for the alienation of the homestead. See Art. 1300, R. C.S. 1925.

The next contention of Frazer is urged through his fourth proposition, which we quote: "It being established by the record

that Appellant and her husband executed and acknowledged the deed to James Aiken when they were living off the premises in controversy and that the use of the land by David I. Logan in support of his family was not open, visible and obvious, at the time of the execution of the deed and the making of the loan to James Aiken by the Sam Houston State Bank & Trust Company, and that the deed was not made for the accommodation of Aiken but that David I. Logan intended that the title pass to his separate property, and that the attorney for Sam Houston, State Bank & Trust Company relied on the fact that David Logan and Appellant had executed the deed dated January 5, 1923, and that the $5,000.00 loan would not have been made to James Aiken had the Bank's attorney not seen the deed, and that before the execution and delivery of the extension agreement with James Aiken in 1928 David I. Logan said and represented as a fact to the attorney for appellee, E. J. Frazer, that he and his wife were tenants of James Aiken; and that his attorney believed and relied on such statement, and that the extension agreement would not have been made had the statement not been made by David I. Logan, and that James Aiken was solvent in 1928 at the time of the execution of the extension agreement, and was insolvent at the time the note matured according to the terms of the extension agreement, the Appellant is estopped as a matter of law from denying the validity of the deed of trust lien of Appellee E. J. Frazer; therefore, the Court erred in foreclosing the lien of Appellee E. J. Frazer subject to the termination of the homestead character and use of the land on the part of David I. Logan, Mary A. Logan and the constituent members of their family."

The facts presented by this proposition are based upon his plea of estoppel. At the time of his purchase of the note and lien sought to be foreclosed, Frazer had knowledge of the homestead claim of the Logans, and, as we have seen, was not entitled to assert the doctrine of estoppel against the Logans, subsequent to his purchase, while the Logans were occupying the premises as their homestead, and the deed in the condition as aforesaid from Logan to Aiken appeared in the chain of title, he upon the representation of Logan, that Logan and his wife were tenants of Aiken, granted to Aiken an extension of his note and lien (which at that time were invalid as to the Logans, because Frazer at the time of his purchase was charged with the homestead claim of the Logans, according to jury findings)¹ to a time when Aiken became insolvent and unable to pay the note. Under these facts Frazer cannot invoke the doctrine of estoppel. In the first place, he was not misled. He knew, or should have known, the facts, according to the finding of the jury. His plea of estoppel lacks deception. Shear Case, supra. The doctrine of estoppel is applied to protect those who are innocent of the facts and are misled. One who knows the facts cannot effectively say that he has been deceived. Thus the case of Eylar v. Eylar, 60 Tex. 315, and cases in which the doctrine of estoppel has been applied are not applicable. In 22 Tex.Jur. § 120, p. 171, it is said: "If it appears he acted with knowledge or notice of the facts he is not entitled to have the land applied to the satisfaction of his obligation." See Adams v. Bartell, 46 Tex. Civ.App. 349, 102 S.W. 779, writ refused; Martin v. Astin, Tex.Com.App., 295 S.W. 584.

Finally, it is contended by Frazer that the trial court erred in overruling his motion, notwithstanding the verdict, because the appellants had not pleaded facts upon which the answers of the jury in which Frazer was found to have knowledge of the homestead claim of the Logans at the material times in question, therefore such answers of the jury should have been disregarded by the court and judgment rendered in favor of Frazer. The challenge of Frazer to such answers of the jury must be limited to the pleadings for the reason that no statement of facts is in the record before us. We have examined the pleadings and hold that in the absence of special exception the pleadings are sufficient to support the challenged answers of the jury, and the trial court would not have been authorized to disregard such answers for the reason of insufficient pleadings to support them. See Osborne v. Prather, 83 Tex. 208, 18 S.W. 613; Mayfield v. Averitt's Adm'r, 11 Tex. 140.

It is the Court's opinion that a part of the judgment, which established and foreclosed a lien upon the property in suit, is erroneous and should be reversed, and such judgment should be reformed so as to allow the homestead claim of Mary A. Logan in the premises free and clear of all liens; in all other respects the judgment of the

trial court is affirmed. The costs are adjudged against appellees.

Reformed and affirmed.

## On Motion for Rehearing.

The appellee, Frazer, has filed an able motion for rehearing which has received our serious consideration and prompts us to attempt to clarify the expression: "The law exacts more than consent for the alienation of the homestead. See Art. 1300, R.C.S. 1925." It is more accurate to say that under said Article of the statute the consent required in the alienation of the homestead of the wife consists of the wife's joining in the conveyance, her signature thereto, and by her separate acknowledgment thereof, taken and certified to before the proper officer. Thus in the present case the statutory element of joinder in the conveyance is missing, hence ineffectual as a conveyance of the homestead. This holding is not in conflict with the case of Ochoa v. Miller, 59 Tex. 460, wherein the Supreme Court of this State held that the signature and acknowledgment of the husband to a deed to the wife's separate real estate was sufficient to show he had joined with his wife in the conveyance. The husband has no estate in the wife's separate real property, while the wife has an estate in the homestead, even though such homestead is upon the separate property of the husband. Moreover, the requirement under Arts. 6605-6608, as to the acknowledgment of a married woman, particularly that portion which says that the conveyance shall then and there be fully explained to her by the officer. It is apparent that in a conveyance of homestead property situated upon the separate property of the husband in which the wife does not appear as a grantor in the deed, the notary or officer taking her acknowledgment, could not explain to her that she was conveying her homestead estate in such separate property. Judge Gaines said in the Sledge Case, supra, 26 S.W. 1070: "The officer is not presumed to know anything of the title to the land which the instrument purports to convey. Could he explain to her that the legal effect of her signature to and acknowledgment of the deed is to pass the title to the separate estate, unless he knew that the property belonged to her, and not to her husband? It would seem he would fulfill his entire duty in that particular by explaining to the wife that the deed was a conveyance by the husband of his title to the land therein described. To permit a conveyance capable of such explanation to have the effect to convey the wife's estate in the land is calculated, not only to defeat an obvious purpose of the statute, but to open the door to imposition and fraud."

The officer taking the acknowledgment of Mary A. Logan could not explain to her that the conveyance under consideration would pass title to the homestead of the Logans because she did not appear as grantor therein, which is required under the statute. After a careful consideration of the interesting questions presented by the appellees' motion for rehearing, we are of the opinion that our original disposition of this action must be sustained.

The motion for rehearing is overruled.