Willie MORRIS et al., Appellants,

v.

E. Boswell PORTER, Appellee.

No. 14462.

Court of Civil Appeals of Texas.

Houston.

April 8, 1965.

Rehearing Denied May 6, 1965.

On Rehearing June 24, 1965.

Rehearing Denied Sept. 9, 1965.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellants.

Joe H. Reynolds, Stanley B. Binion, Houston, Bracewell, Reynolds & Patterson, Houston, of counsel, for appellee (on motion for rehearing).

COLEMAN, Justice.

This is a suit to set aside a deed by which Ed Morris conveyed his undivided interest in a 55 acre tract of land located in Burleson County, Texas, to E. Boswell Porter. This suit was brought by Willie Morris, the surviving wife of Ed Morris, and his heirs at law, on the ground that Willie Morris did not join in the conveyance and that the property conveyed was the homestead of Ed and Willie Morris. Based on a jury verdict a judgment was entered for the defendant. Appellee has filed no brief.

Ed Morris inherited an undivided ⅓ interest in a 55 acre tract of land, being a portion of a 100 acre tract conveyed by the Gabriel Jackson Estate to Ferrell Morris by deed recorded in Vol. Y, pages 472–473, Deed Records of Burleson County, Texas, and described by metes and bounds in the deed from Ed Morris to E. Boswell Porter recorded in Vol. 129, pages 578–579 of the Deed Records of Burleson County.

Ed Morris and Willie Morris were married in 1923, and made their residence on this tract of land. Ed Morris lived in the same house until his death in March of 1958. He died intestate and without issue. In 1943 Ed Morris borrowed $761.37 from H. H. Womble and executed a note bearing interest at the rate of 10% per annum, and, to secure the note, executed a deed of trust to the land in question. In 1948 Womble sold the note to Porter for $175.00, and Porter received and recorded an assignment of the note and deed of trust. Morris made no payments on the note. In 1952 Morris executed a renewal and extension agreement. At the time these instruments were executed all parties concerned knew that Ed and Willie Morris were living

on the property. In 1957 Ed Morris, without the joinder of his wife, deeded the property to Porter in satisfaction of the pre-existing indebtedness. According to the testimony of Mrs. Morris she was living with her husband in the home at that time. Other witnesses testified that prior to the death of her husband Mrs. Morris moved out of the house into a vacant house owned by her daughter about two miles from the property in question. None of these witnesses were sure about the date. Two witnesses testified that Willie told them she had left Ed and that she didn't intend to live there any more. All of them testified Ed visited her frequently and that she went to see him at the home. Appellee testified that after Willie began staying in her daughter's house, Ed "went to see her all the time," and that Ed was living on the land at the time he signed the deed. All of the witnesses testified that Ed and Willie got along together well and none of them knew of any misconduct on the part of either.

Mrs. Morris testified that she moved into her daughter's house because her daughter was working in Houston and the insurance policy required someone to live in the house. She said she left temporarily and just took some clothing. There was some furniture in the house. She testified that her husband came to the daughter's house to have his meals with her and that she went back to the home to look after him. She testified that she left with his permission and got a little girl to stay with her at nights. She testified that she didn't move there, but that she was staying there. After her husband died she moved into the home of another daughter, but went back to the home to look after her chickens. About six months after her husband died she became ill and has not since been able to care for herself.

The trial court submitted only one issue to the jury: "Do you find from a preponderance of the credible evidence that at the time Willie Morris removed from the premises in controversy, she did not intend to return to the same or to use the same as a homestead?" To this issue the jury answered, "Yes".

There is authority that a voluntary deed purporting to convey a homestead, executed by the husband alone as the culmination of a plan to mortgage a homestead, and beginning with a void deed of trust, is void. Burkhardt v. Lieberman, 138 Tex. 409, 159 S.W.2d 847, opinion adopted. However, there being in the record some testimony tending to show that the deed was executed without pressure being exerted on Ed Morris, fuller consideration of the questions presented by this appeal is desirable.

■ Since it is uncontroverted that the premises had been devoted to use as a homestead, the burden of proof on the issue of abandonment was upon appellee. Tyler v. Thomas, Tex.Civ.App., 297 S.W. 609, aff'd on this point, Tex.Com.App., 6 S.W.2d 350.

■ The time Willie Morris moved from the premises is not definitely established except by her own testimony. There is a question of fact as to whether she was living in the home at the time the deed in question was executed. It is clear that under the constitution and laws of Texas a deed to premises being used as a homestead is invalid as to the interest of the wife when executed by the husband alone. Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35; Stallings v. Hullum, 89 Tex. 431, 35 S.W. 2; Schulz v. L. E. Whitham, 119 Tex. 211, 27 S.W.2d 1093.

■ Since the land in question had been dedicated to use as a homestead prior to the execution of the deed, Willie Morris had a vested interest in it of which she could not be divested except by abandonment or a voluntary conveyance in the manner prescribed by law. Paddock v. Siemoneit, 147 Tex. 571, 218 S.W.2d 428, 7 A.L.R 2d 1062.

Obviously if she were living in the house at the time the deed was executed, it was invalid insofar as her homestead rights

were concerned. The issue on abandonment, as answered, cannot be construed as a finding that Mrs. Morris abandoned her homestead rights prior to the execution of the deed since there is a question as to when she left the home.

There is no testimony that after the death of her husband Mrs. Morris removed her personal property from the house. She testified without contradiction that she returned to the premises to care for her chickens. The testimony establishes use for homestead purposes. It is well settled that while occupancy or use continues, the homestead rights cannot be lost by intention alone. Schulz v. L. F. Whitham, supra; Jefferson County Investment & Building Ass'n v. Gaddy, Tex.Civ.App., 90 S.W.2d 295, error ref.

In Gouhenant v. Cockrell, 20 Tex. 96, the Supreme Court said: "* * * in the absence of a new home, the old ought not to be held subject to the claims of creditors, unless the proof of 'total abandonment with an intention not to return' be undeniably clear, and beyond almost the shadow, at least all reasonable ground, of dispute."

In Milliken v. Coker, Tex.Civ.App., 90 S.W.2d 902, reversed in part, 132 Tex. 23, 115 S.W.2d 620, the court held that "Certain and conclusive evidence of abandonment, with no intention to return and claim the exemption", is required before a homestead, once occupied as such, can be subjected to forced sale.

The evidence in this case does not meet this test. Since the property involved was the separate property of Ed Morris, Mrs. Morris, as the surviving wife, should have recovered a judgment establishing her homestead right in the entire undivided interest of her deceased husband in this property. Her homestead right is in the nature of, and equivalent to, a life estate. Sparks v. Robertson, Tex.Civ.App., 203 S.W.2d 622; Woods v. Alvarado State Bank, supra.

The deed of trust, previously described, constituted an attempted encumbrance on the homestead. Its validity is determined by conditions existing as of the date of the execution. Since it was not executed by Mrs. Morris, it was void, as was the extension and renewal instrument. Hays v. Hays, 66 Tex. 606, 1 S.W. 895; J. P. Wooten Motor Co. v. First Nat. Bank of Swenson (Com.App.), 281 S.W. 196.

A case with essentially the same facts as this, Rogers v. Renshaw, 37 Tex. 625, held that a deed to the homestead, executed by the husband, without joinder of his wife, was a nullity and conveyed no rights whatsoever. The husband had no children and the wife brought the suit after the death of the husband. This case was followed by the Supreme Court in Stallings v. Hullum, 89 Tex. 431, 35 S.W. 2, in which the Court said:

"What is prohibited by law is as clearly invalid as if it had been declared void. The alienation of the homestead by a married man without the consent of the wife, evidenced in the manner required by law, being prohibited, his attempted conveyance without her joining in the deed is void, in so far as it in any manner affects her interests. The mere privilege of possession and enjoyment is not the measure of her right in the homestead. With the concurrence of her husband, she may exchange it for another. She may consent to a sale with a view to the investment of the proceeds in a new homestead, or in view of her husband's receiving such consideration as she may deem an adequate compensation for the alienation of the shelter for the family. It is clear that the judgment in this case does not secure to her these rights. It is not practicable to carve out her interest in the property, and it is our opinion that the framers of the constitution never intended that this should be done."

The Court cited Goff v. Jones, 70 Tex. 572, 8 S.W. 525; Irion v. Mills, 41 Tex. 310, and Marler v. Handy, 88 Tex. 421, 31 S.W. 636, in which a husband's deed to the homestead was given effect, and distinguished each of them. Commenting on Marler v. Handy, supra, the Court said:

"The wife having ceased to have any interest in the former homestead as such, no reason was seen to exist why the deed should not take effect. It is said in that case that the deed is not void; but it was not meant that it was valid as to the wife, or that it could in the slightest manner effect her rights before a new homestead was acquired. The fact that it was held in those cases that the deed was not so far void as to prevent it from operating by way of estoppel against the husband, when the wife's interests may cease, does not justify the conclusion that it was to have any operation whatever so long as the right of homestead in the property should continue to exist."

This case has been cited as authority by the Supreme Court and the Courts of Civil Appeals in many subsequent cases. In Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553, the court cited Stallings v. Hullum, supra, and Cole v. Bammel, 62 Tex. 108, as authority for the proposition that an instrument changing or modifying the limitation imposed by the wife in an oil lease was an encumbrance diminishing the value of the homestead property, and then held the instrument void as to the wife.

In Cleveland v. Milner, 141 Tex. 120, 170 S.W.2d 472, opinion adopted, in a case where there was an attempt to partition three lots by mutual deeds, but where there was no joint ownership of one of the lots, the Court, opinion by Justice Smedley, held the transaction to be an attempted sale, and said:

"Since Cleveland's wife did not give consent, in the manner provided by Article 4618 of the Revised Civil Stat-

utes of 1925, to the sale or exchange of the property in which she had a homestead right, she and her husband are entitled to recover the interest in Lots One and Two that the husband's deeds undertook to convey. Stallings v. Hullum, 89 Tex. 431, 35 S.W. 2."

In Logan v. Aiken, Tex.Civ.App., 123 S.W.2d 401, error dism., judgment correct, the trial court found that a deed by the husband attempting to convey his separate property without the joinder of his wife was void as a conveyance insofar as it affected the homestead character and use by the husband and wife, but that it was not wholly void and should the homestead character and use of the premises be terminated by abandonment or otherwise, the owner of the remainder interest would become owner of the full title and entitled to the immediate use and possession of the premises. The Court of Civil Appeals reversed that part of the judgment upholding the deed and decreeing a foreclosure of liens created by the grantee therein, and reformed the judgment so as to allow the homestead claim of the wife in the premises free and clear of all liens. In the opinion the court stated that the case was ruled by Stallings v. Hullum.

In Cates v. Greene, Tex.Civ.App., 114 S.W.2d 592, the court held:

"The property being community, it could be sold by the husband alone, subject to the homestead rights of the wife. Such homestead rights constituted an estate in the property. Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.2d 35. Neither this estate nor any of its incidents could be alienated by the husband alone, nor by the husband and wife jointly, unless the wife should acknowledge the conveyance in the manner prescribed by law.

"* * *

"The proposition that the lease was effectual as to the husband and would become operative whenever the homestead right terminated, and that there-

fore the trial court committed error in canceling the lease, is not tenable. This point was expressly ruled in Stallings v. Hullum, 89 Tex. 431, 35 S.W. 2. * * *"

■ We think it well established that during the lifetime of the husband and while the homestead use continues, a deed attempting to convey the homestead, executed by the husband alone, can be set aside in its entirety by suit in which the wife asserts her homestead rights.

■ It is also established that the homestead right of the wife survives the death of her husband even though there are no children or other constituent members of the family. Woods v. Alvarado State Bank, supra.

■ Nor do we think her inability to reside on the premises because of her physical condition as a matter of law deprived her of the homestead right. We cannot say that her absence from the home is permanent. West Texas State Bank of Snyder v. Helms, Tex.Civ.App., 326 S.W.2d 47.

Appellants did not file a motion for judgment notwithstanding the verdict. They filed a motion for instructed verdict. If material questions of fact are raised by the record, therefore, it is our duty to remand the case for a new trial. We think, however, that the trial court erred in refusing to instruct a verdict in favor of appellants. There is no more than a scintilla of evidence to show that Willie Morris voluntarily and without cause permanently abandoned her husband. Since he remained on the premises and continued to use the property as his home until his death, the homestead could not have been conveyed by him alone in the absence of such conduct on her part. Duke v. Reed, 64 Tex. 705; Earle's Executors v. Earle, 9 Tex. 630; Heidenheimer v. Thomas, 63 Tex. 287; Schulz v. L. E. Whitham, 119 Tex. 211, 27 S.W.2d 1093; Murphy v. Lewis, Tex.Civ.App., 198 S.W. 1059; Smith v. McBryde, Tex.Civ.

App., 173 S.W. 234; Priddy v. Tabor, Tex. Civ.App., 189 S.W. 111, error ref.

Since Willie Morris has exercised her right to set aside the deed to the family homestead executed by her husband alone, the deed is ineffective for any purpose. Ed Morris died intestate without issue. Willie Morris as his surviving wife inherited an undivided one-half of his separate real estate, and Vance Morris and Mittie Morris, two of the six children of Ferrell Morris, Jr., a brother, each inherited an undivided ¹⁄₁₂th of his said real estate, the remainder having been inherited by other children and grandchildren of Ferrell Morris, Jr., not parties to this suit. Probate Code, §§ 38 and 43.

The judgment of the trial court is reversed and judgment is here rendered that the deed from Ed Morris to E. Boswell Porter, hereinbefore described, be cancelled; that the lien created by the deed of trust from Ed Morris to H. H. Womble recorded in Volume Z, pages 546–548, Deed of Trust Records of Burleson County, Texas, as well as all renewals and extensions thereof, be cancelled and annulled; and Willie Morris is adjudged to be owner in fee of an undivided one-sixth of the 55 acre tract of land described in the deed from Ed Morris to E. Boswell Porter and the possessor of a homestead estate in the entire interest in that tract of land owned by Ed Morris prior to his death. Judgment is further rendered that Vance Morris and Mittie Morris each own in fee an undivided one-twelfth of the undivided one-third interest in the 55 acre tract of land which was owned by Ed Morris prior to his death. All costs are adjudged against appellee.

Reversed and rendered.

On Motion for Rehearing

After reexamining the evidence on the issue of whether Willie Morris permanently separated from her husband prior to the execution of the deed in question, we have concluded that the testimony concerning the declarations against interests made by

Willie Morris are sufficient, considered alone, to raise an issue for the jury.

The issue submitted should have been so worded as to establish the existence or non-existence of the homestead right at the time the alleged deed from Ed Morris to appellee was executed. This was the ultimate defensive issue. This defect was brought to the attention of the court in the objections to the court's charge made by appellant. Therefore findings of fact cannot be implied to support the judgment. Rule 279, Texas Rules of Civil Procedure. Since the issue submitted will not support the judgment entered without a finding of fact establishing that the homestead right was abandoned at the time of the execution of the deed, the trial court should have entered judgment for appellants. This Court has properly entered such a judgment.

The motion for rehearing is overruled.

## On Second Motion for Rehearing

 In his second motion for rehearing appellee points out that the instrument included in the transcript denominated "Plaintiffs' Objections and Exceptions to The Court's Charge" bears no notation showing that it was presented to the trial judge and no ruling is endorsed thereon and signed by the judge, as required by Rule 272, T.R.C.P. The purported objections to the court's charge cannot be considered by us. Ramsey v. Polk County, Tex.Civ.App., 256 S.W.2d 425; Gowan v. Reimers, Tex.Civ.App., 220 S.W.2d 331, ref., n. r. e.

 In the absence of a sufficient showing that appellants pointed out to the court the necessity of securing a jury finding that Willie Morris separated from her husband prior to the execution of the deed in question and that the charge to the jury was objected to on that ground, it will be presumed that appellants waived their right to a jury trial on that issue. Rule 274, T.R.C.P. Since there is sufficient evidence to support a finding that Willie Morris left the home of her husband prior to the date

on which he executed the deed in question, it will be presumed in support of the judgment rendered that the trial court so found. Rule 279, T.R.C.P.; Panhandle & S. F. Ry. v. Friend, Tex.Civ.App., 91 S.W.2d 922.

 Appellants have urged that the verdict of the jury is "contrary to the evidence." We take this to be an assignment that the verdict is so contrary to the great weight and preponderance of the evidence as to be clearly wrong, rather than an assignment that the verdict is supported by no evidence. We sustain this assignment.

Appellee's second motion for rehearing is granted. This Court's former judgment is vacated, set aside and annulled; and the trial court's judgment is now reversed and the cause remanded for a new trial.